## Commonwealth v. Garner

*Eugene Garner*, p. p.
*Ephraim Lipschutz*, for Commonwealth.

ALESSANDRONI, P. J., May 19, 1961.—Petitioner, on June 21, 1944, pleaded guilty to the charge of assault and attempted armed robbery, and was given an indeterminate sentence to Whitehill. He was discharged from parole in November 1950. Petitioner is presently incarcerated in a penal institution in the State of

New York. New York has a "second felony offender" statute, the sentence which petitioner is serving is more than that imposed on a first offender. The Pennsylvania offense was the first felony offense of the petitioner.

This petition prays that the judgment and sentence on the prior conviction be vacated; if it were, petitioner would be entitled to first offender treatment, and the lesser penalty.

Examination of the record and the transcript of the testimony reveals that petitioner pleaded guilty to an attempt at armed robbery. He was not represented by counsel; the record does not disclose whether or not he requested the assistance of counsel.

The petition alleges that petitioner was subjected to cruel treatment calculated to coerce a confession which was finally obtained from him; that he was held incommunicado; that he was under the influence of drugs and alcohol at the time the crime was committed, and therefore was unable to form the specific intent, and that he was prejudiced by failure to have counsel. He argues that counsel would have been able to properly advise petitioner and make the effort to establish his defense. The district attorney answered the petition.

Petitioner had previously filed a petition for a writ of habeas corpus in 1957; he also filed a writ of error coram nobis in 1958; both petitions were dismissed. Counsel in New York now seeks to intervene on defendant's behalf. Although counsel is not properly before the court, we consider the merits of his position. He argues that a hearing is required, and that the petition should not have been summarily dismissed but depositions should have been taken. There is no such requirement. The petition raises no material question of fact: Commonwealth ex rel. Kehl v. Myers, 194 Pa. Superior Ct. 522.

The questions raised by the petition are moot, since petitioner has served his sentence and parole and was discharged more than 11 years ago. The sentence and judgment can no longer be subjected to direct attack.

But to set the matter at rest, we consider the specifics of the petiton: Petitioner alleges that he was coerced into a confession; no confession was introduced into evidence. Petitioner pleaded guilty; he then took the witness stand. In his testimony he admitted boarding the train with a gun in his possession with the intent of robbing the dining car steward. On the issue of the influence of drugs, he testified that he was drugged at the time of his arrest, not when he conceived the idea of the robbery. There was testimony that he was a former employe of the railroad and knew of the existence of monies on the train.

Although petitioner claims he was young and inexperienced since he was but 20 years of age, the record indicates that petitioner was no novice; his career and association with criminal courts commenced some seven years earlier in St. Louis, Mo., while at the tender age of 13.

There is not the slightest indication that petitioner was prejudiced by lack of counsel; this is obvious particularly since he could have received a sentence to the penitentiary instead of an industrial school. The facts of the instant case are strikingly similar to those in Commonwealth v. Kadio, 179 Pa. Superior Ct. 196, where the petition was denied.

We cannot retry the case at this date as petitioner seeks to argue again the question of coercion and that of specific intent. The time for such a direct attack has long since passed; a flank attack on the sentence cannot now be permitted; the record is clear of the slightest indication of prejudice to defendant by lack of counsel.

*Order*

And now, May 19, 1961, petitioner's petition for a rule to show cause why the judgment of sentence should not be vacated is dismissed.