Dissenting Opinion by
Flood, J.:
In my opinion, Garner v. Pennsylvania, 372 U.S. 768, 10 L. ed. 2d 138 (1963) requires that this cáse be remanded to the court below for further consideration in light of Gideon v. Wainright, 372 U.S. 335, 9 L. ed. 799 (1963).
The facts in the Garner case are set . forth in the opinion of President Judge Alessandroni in 26 Pa. D. & C. 2d 289 (1961). Garner had been given an indeterminate sentence to White Hill, and had been released from the institution and discharged from parole more than ten years .before he filed the petition to vacate the sentence. . For this reason the Court of Quarter Sessions held that the question whether he was represented by counsel at the time of his' guilty plea was moot, but it nevertheless considered the merits and held that the petitioner was hot prejudiced by lack of counsel. The defendant had,raised the issue of non-representation by his petition because later, in New York, he had been convicted of a- felony and sentenced *294 under a “second felony offender” statute. Averring that he had received a more severe sentence in New York than if he had been a first offender, he sought by this petition to eliminate the earlier Pennsylvania conviction, so as to make him a first offender- for purposes of sentence under the New York statute.
While Firmstone, the relator in this case, was represented by counsel when he was sentenced to life imprisonment as a fourth offender following his conviction of the fourth offence, the record before us does not show whether he was represented by counsel, or knowingly and advisedly waived such representation, on the occasions of the three earlier convictions. I see no distinction between the point here at issue and that considered, by the United States Supreme Court, in Garner v. Pennsylvania, supra, which was remanded by order of that court to the Pennsylvania Supreme Court and by the latter to the Court of Quarter Sessions for further consideration in light of Gideon v. Wainright, supra.