## Commonwealth ex rel. Berry, Appellant, *v.* Tees.

Submitted October 6, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John J. Berry,* appellant, in propria persona.

*Markin R. Knight,* District Attorney, for appellee.

OPINION BY WRIGHT, J., January 14, 1955:

On June 7, 1944, John J. Berry pleaded guilty to a charge of robbery, and was sentenced to undergo imprisonment in the Lycoming County jail for a period of one year and six months. Later on the same

day, this sentence was revoked,[1] and Berry was sentenced instead to undergo imprisonment in the Eastern State Penitentiary for an indeterminate term of eighteen months to three years, to commence at the expiration of a term which he was then serving in the Western State Penitentiary under sentence from Clinton County. On April 23, 1954, Berry petitioned the Court of Common Pleas of Lycoming County for a writ of habeas corpus. A rule to show cause was issued and counsel appointed. An answer was filed by the Acting Warden of the Penitentiary showing Berry's commitment. No answer was filed by the District Attorney. After argument, the petition was dismissed and this appeal followed.

Appellant's principal contention is that the substituted sentence which increased his punishment, and under which he is now confined, was illegally imposed. Reliance is placed upon *United States v. Benz*, 282 U. S. 304, 51 S. Ct. 113, which holds that, while a court may amend a sentence within the term, it has no power to increase the punishment. Also see *Ex parte Lange*, 18 Wall. 163, 21 L. Ed. 872. This is unquestionably the rule in the federal courts.[2] The reasoning is based upon the double jeopardy provision found in the Fifth Amendment to the Constitution of the United States. Under the federal rule the punishment has been held to be the jeopardy, and any increase in the sentence is construed to subject the prisoner to further jeopardy. It is well settled, however, that this

---

[1] "The sentence erroneously imposed, inadvertently, on defendant, this day, to confinement in the Lycoming County Jail, is hereby revoked".

[2] It has been held that a prisoner committed to the local jail pending transportation to prison camp has begun to serve his term so that the court is without authority to increase the sentence: *Shifflett v. Hiatt*, 50 F. Supp. 415.

amendment does not apply to the states: *Brantley v. Georgia,* 217 U. S. 284, 30 S. Ct. 514. And see *Brock v. State of North Carolina,* 344 U. S. 424, 73 S. Ct. 349. It is a restriction only on the power of the federal government: *Commonwealth ex rel. Garland v. Ashe,* 344 Pa. 407, 26 A. 2d 190. While Article I, Section 10 of our Constitution contains practically the same language[3] as that in the Federal Constitution, it has never received the interpretation found in the federal cases. "It is true the Supreme Court of the United States has declared that by the use of the phrase 'life or limb' in the Constitution of the United States, protection against double jeopardy is extended to all criminal offenses . . . This ruling is not binding upon us, because the provision in the United States Constitution is a limitation upon the powers of the federal government and is not a limitation upon the states": *Commonwealth v. Simpson,* 310 Pa. 380, 165 A. 498. Under our interpretation, the plea of double jeopardy is available in capital cases only: *Commonwealth v. Townsend,* 167 Pa. Superior Ct. 71, 74 A. 2d 746.

In Pennsylvania, the power of a court over its sentences during the term[4] has never been seriously questioned, so long as the sentence has not been fully executed. In *Commonwealth ex rel. Laughman v. Burke,* 171 Pa. Superior Ct. 343, 90 A. 2d 622, defendant had been sentenced to the county jail. Following a prison breach, the original sentence was revoked within the

---

[3] "No person shall, for the same offense, be twice put in jeopardy of life or limb".

[4] Once the power to sentence has been exercised or waived, a court may not thereafter change or modify a sentence except within the term at which it was entered or waived or, where vacated within the term, power to resentence subsequently has been reserved likewise within the term: *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244.

term and defendant was sentenced for a longer period of time in the penitentiary. We affirmed an order of the court below dismissing a petition for a writ of habeas corpus. In *Commonwealth v. Peterson*, 172 Pa. Superior Ct. 341, 94 A. 2d 582, speaking through Judge HIRT, we said: "One may not be twice convicted of the same crime. So also, when convicted by plea or otherwise, a defendant may be sentenced but once. This has always been the law and the rule is invariable in its application with one exception, viz.: Where a sentence is imposed during the term at which a defendant is convicted the court may alter the sentence by increasing or reducing the punishment during the term, but not thereafter".

If the sentence originally imposed has been fully executed, however, the court is not empowered to make any change therein, even during the term. In *Commonwealth v. Penna. R. R. Co.*, 41 Pa. Superior Ct. 29, the defendant was sentenced to pay a fine. Thereafter, and during the term, the trial court sought to impose an additional sentence. It was held that, since the original sentence had been fully executed by payment of the fine, additional punishment could not be imposed. And in the recent case of *Commonwealth ex rel. Saeger v. Dressell*, 174 Pa. Superior Ct. 39, 98 A. 2d 430, we held that payment of a fine imposed by sentence under an act providing for punishment by fine or imprisonment, or both, exhausted the control of the court over the defendant so that a subsequent attempt within the term to impose both fine and imprisonment was nugatory.

In the case at bar, it appears that appellant was represented by counsel at the time of his plea and original sentence. He now raises the contention that his counsel was not present when the original sentence was revoked and the substituted sentence imposed. While

the practice of sentencing a defendant in the absence of his counsel is most unusual and is to be condemned, it does not constitute reversible error unless some harm to defendant resulted therefrom: *Commonwealth v. Polens,* 327 Pa. 554, 194 A. 652. Appellant has not alleged harm due to the absence of counsel at the time the substituted sentence was imposed, other than that the presence of counsel would have afforded him protection against the purported violation of his constitutional rights. As we have earlier demonstrated, appellant's constitutional rights were not violated by the substituted sentence. Consequently, his allegation fails to show harm due to the absence of his counsel.

Appellant's final contention is that the lower court erred in refusing him permission to appear personally and present his own case. Where solely questions of law are involved it is not necessary that testimony be taken, and the only hearing necessary is oral argument on the legal issues: *Commonwealth ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 104 A. 2d 163. The action of the lower court in appointing an attorney to represent appellant in the habeas corpus proceeding fully protected his rights. Since the petition failed to make out a case entitling appellant to relief, it was properly dismissed: *Commonwealth ex rel. Green v. Keenan,* 176 Pa. Superior Ct. 103, 106 A. 2d 896. And see *Commonwealth ex rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921.

The order of the lower court is affirmed.