Commonwealth *v.* Kadio, Appellant.

·Argued March 21, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent)·.

*Peter Kadio,* appellant, in propria persona, submitted a brief.

*Christopher F. Edley,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, and *Samuel Dash,* Acting District Attorney, for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is an appeal from the dismissal of a petition for a writ of error coram nobis by the Court of Quar-

ter Sessions of Philadelphia County. Appellant is currently incarcerated at Dannemora, New York, as a second felony offender. He seeks by the instant proceeding to expunge from the record here his conviction in 1937 for assault and battery, assault and battery with intent to steal, larceny from the person and receiving stolen goods. His purpose is, of course, to remove this "first" felony from his record and thereby reduce his sentence in New York.

In 1937 appellant was tried in Philadelphia County by a jury and convicted, after pleading not guilty. He served the sentence imposed and took no further action until July 14, 1954, when he instituted the present proceedings. He bases his petition for coram nobis on the ground that his constitutional right to due process of law was violated in that he had no counsel, he was not informed of his right to counsel, and that no counsel was appointed to defend him at his trial. He also alleges that he pleaded guilty to the charges at the suggestion of the district attorney and the presiding judge. His petition, however, has attached to it a copy of the indictment which shows that he pleaded not guilty but that a verdict of guilty was returned. Appellant is bound by the record in this regard just as he would be had this been a habeas corpus proceeding. Whether he pleaded guilty or not guilty, however, has little bearing on the question of his right to counsel since, in a proper case, a man is entitled to counsel irrespective of his plea.

Appellant relies principally upon *Uveges v. Pennsylvania*, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127, wherein the United States Supreme Court held that under the particular facts of the case the trial court erred in failing to inform the defendant of his right to counsel. Mr. Justice REED, in delivering the opinion of the Court, stated the test in noncapital cases to

be: "Where the gravity of the crime and other factors—such as the age and education of the defendant, the conduct of the court or the prosecuting officials, and the complicated nature of the offense charged and the possible defenses thereto—render criminal proceedings without counsel so apt to result in injustice as to be fundamentally unfair, . . . the accused must have legal assistance under the Amendment whether he pleads guilty or elects to stand trial, whether he requests counsel or not. Only a waiver of counsel, understandingly made, justifies trial without counsel."

Each case depends upon its particular facts, the burden being upon appellant to prove that "for want of benefit of counsel an ingredient of unfairness operated in the process that resulted in his confinement". *Foster v. Illinois,* 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955. Kadio submitted his case to the court below solely upon his petition; no testimony was taken nor were any depositions submitted. He alleges that he was 20 years of age, uneducated, unfamiliar with the English language, and ignorant of his constitutional rights. Nowhere does he show the extent of his education, the degree of his familiarity with the language, nor indeed does he show how and in what manner these factors, coupled with his lack of counsel, prejudiced him. There is a presumption that the proceedings were regular and that the court properly performed its duty to appellant regarding his right to counsel. *Bute v. Illinois,* 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 986; *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 87 A. 2d 489. He cannot sustain his burden of showing irregularity or unfairness by general, vague, undetailed averments, and conclusions unsupported by competent evidence. We have held that the factors of youth and inexperience coupled with a serious charge do not per se establish any element of unfair-

ness in the proceeding resulting in confinement. *Com. ex rel. Popovich v. Claudy,* supra. It was, therefore, incumbent upon Kadio to produce competent evidence that these factors plus lack of counsel prejudiced him. This burden has not been met.

The court below disposed of the matter solely on the basis of the procedure undertaken by appellant here. The writ of error coram nobis lies only where a petitioner brings forth some fact outside the record which was not known at the time judgment was rendered, through no fault of petitioner, and which had it been known would have prevented the judgment. *Com. v. Harris,* 351 Pa. 325, 41 A. 2d 688. We agree with the learned court below that appellant here has produced no such fact. This constitutional question is ordinarily raised in a habeas corpus proceeding, but, of course, could not be so raised in the instant case since appellant is not confined in Pennsylvania. Coram nobis is ordinarily not the proper procedure to raise such contention and it is not properly raised in this proceeding.

We have discussed the merits to allay any doubts which might have arisen had we summarily dismissed appellant's contention on strict procedural grounds. We believe that he has not shown any prejudice in his trial in 1937. He served his sentence then without taking any steps to remedy the alleged deprivation of his right to due process. After his release from confinement for this offense and as he grew older and gained more experience, he made no attempt to rid himself of this record. It lay dormant, by his choosing, for nearly 17 years, until it suddenly became important when New York state committed him as a second felony offender.

This is closely analogous to the situation in *Gayes v. New York,* 332 U. S. 145, 67 S. Ct. 1711, 91 L.

Ed. 1962, wherein Gayes, in 1938, aged 16, pleaded guilty to burglary and was committed to the state vocational school. He was released, and in 1941 he pleaded guilty to another burglary and he was sentenced as a second felony offender. He then filed proceedings to vacate the first conviction on the ground that he did not have counsel. The United States Supreme Court, four Justices dissenting, held that Gayes had delayed too long in attacking the prior conviction. Mr. Justice FRANKFURTER in delivering the opinion of the majority stated: "In 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now so far as the United States Constitution is concerned, by a flank attack, challenge the sentence of 1938."

Order affirmed.