CHARLES L. PIKE, PETR. FOR WRIT OF ERROR,
CORAM NOBIS
*vs.*
STATE OF MAINE

Penobscot.   Opinion, June 13, 1956.

*Roger A. Putnam, Ass't Atty. Gen.,*
*Oscar Fellows,* for State.

*Oscar Walker,* for petitioner.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.  MURRAY, A. R. J.  CLARKE, J., did not sit.

WILLIAMSON, J.   This writ of error *coram nobis* is before us on exceptions by the petitioner, a prisoner at the

State Prison, after a decision in substance affirming the judgment of which he complained. The decision was entered after hearing on the writ by the presiding Justice of the Superior Court in Penobscot County at the September Term 1955. The case was heard and decided before the decision in *Dwyer* v. *State,* 151 Me. 382 was entered in January 1956 in which the procedure in *coram nobis* was discussed at length.

In the instant case we find the essential procedural requirements have been met, although not in the form which we would necessarily consider appropriate or sufficient in future cases. We also take into consideration the fact that the petitioner prepared his own petition.

The petitioner pleaded guilty to an indictment for forgery at the September Term 1953 of the Superior Court in Penobscot County. In his petition for issuance of the writ he set forth three complaints: (1) that he should have been sentenced for accessory after the fact of forgery and not for forgery, or in other words for a lesser sentence, and (2) "I asked for a lawyer at my hearing but they would not get one for me." A third complaint was abandoned and need not be considered.

The justice treated the petition as the writ and ordered hearing thereon. In answering the writ, the State asserted that only the complaint relating to denial of counsel raised an issue in *coram nobis,* and further that the petitioner had waived any right to assistance of counsel.

The case was heard by the justice without a jury on writ, answer of the State and proof. The justice found the "indictment was duly read to the (petitioner). The indictment speaks for itself and contains no count charging the petitioner as an accessory to the crime."

The petitioner sought unsuccessfully to introduce evidence to show that he was not guilty of the forgery to which

he had pleaded guilty. The State suggests that certain of the exceptions to the exclusion of such evidence were not perfected below and thus are not properly before us.

The State would go behind the bill of exceptions allowed by the justice, wherein it is asserted that the petitioner "seasonably excepted," to the transcript of the evidence. It there appears that a separate exception was not noted to several of the rulings. Rule of Court 18, 147 Me. 471.

> "Again it must be remembered that statements of fact contained in the bill of exceptions are taken as true unless contradicted by the record which is made a part of the bill of exceptions. In such cases, the record governs the statement made in the bill of exceptions. Especially is this true with respect to transcript of testimony which is made a part of the bill of exceptions, in which case the transcript will be controlling." Justice (later Chief Justice) Merrill in "Some Suggestions on Taking a Case to the Law Court", 40 Maine State Bar Association 175, 192.

We are satisfied, however, from our examination that the exceptions taken were fairly understood to include the series of disputed rulings. We are not inclined to seek at length for reasons to deny the technical sufficiency of exceptions bearing the stamp of allowance by a justice of our courts.

Taking the exceptions on their merits, we find the rulings below were correct. The guilt or innocence of the petitioner of the charge of forgery was not properly an issue in these proceedings. Hearing on a writ of error *coram nobis* is not a new trial. The purpose and limits of *coram nobis* are discussed at length in the *Dwyer* case, *supra,* and need not be restated.

The remaining and vital issue in the case relates to the matter of counsel at the hearing in Superior Court at which

the petitioner pleaded guilty. The justice, in his decision, said:

> "With reference to the claim of the petitioner that he was refused an attorney, although petitioner testified that he asked the County Attorney and a deputy sheriff for a lawyer, he also testified that he had been convicted on other occasions of felonies, and knew that the presiding justice had authority to appoint counsel in his behalf. The presiding justice was not requested to provide counsel. This Court rules that under the circumstances of this case that petitioner waived any right to have counsel assigned to him.

> "I find no evidence upon which to warrant the relief requested."

The Constitution of Maine, Article I, § 6, reads:

> "In all criminal prosecutions, the accused shall have a right to be heard by himself and his counsel, or either, at his election; . . ."

From the record taken most favorably to the petitioner, it appears (1) that he did not have counsel, and (2) that he at no time asked the court for assignment of counsel. At most, he made the request to the county attorney and to a deputy sheriff. Specifically he testified on cross-examination about instances of criminal charges against him over a period of years. He testified in part:

"Q. Now isn't it true, Charles, in your long experience in the criminal courts that you well know that the presiding Justice has authority vested in him to appoint counsel in your behalf if you can prove to him that you can't afford it of your own means?

"A. Yes.

"Q. You know that today and you knew it in 1953, isn't that true?

"A. Yes."

We have then the case of a prisoner who did not request counsel, and who now contends that he was deprived of his constitutional right to assistance of counsel, although he was fully aware of such right and of the propriety of making such request to the court. The burden was upon the petitioner to establish the essential fact, namely, that he had not validly waived his rights, and this burden he failed to meet. *Dwyer* case, *supra*, at page 395.

The rule in cases arising under the Sixth Amendment to the Federal Constitution has been stated in the following language:

> "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ."
> *Johnson* v. *Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 1025.

Again in *United States* v. *Morgan,* 346 U. S. 502, 74 S. Ct. 247, on a motion in the nature of the extraordinary writ of *coram nobis* the Supreme Court said, at p. 253:

> "Of course, the absence of a showing of waiver from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct and the burden rests on the accused to show otherwise."

Looking at the case from the viewpoint of the Federal Constitution, we find the issue lies not in the Sixth (right to counsel), but in the Fourteenth (due process) Amendment.

> "The Federal Constitution does not command a state to furnish defendants counsel as a matter of course, as is required by the Sixth Amendment in federal prosecutions. Lack of counsel at state non-capital trials denies federal constitutional protection only when the absence results in a denial to accused of the essentials of justice." *Gallegos* v. *State of Nebraska,* 342 U. S. 55, 72 S. Ct. 141, 147.

See also *Betts* v. *Brady,* 316 U. S. 455, 62 S. Ct. 1252; *Gibbs* v. *Burke,* 337 U. S. 773, 69 S. Ct. 1247; *Fitzgibbons* v. *Hancock* (N. H.) 82 A. (2nd) 769. See R. S., c. 148, § 11, on assignment of counsel.

Implied in the decision of the justice is the finding that the petitioner suffered no denial of the essentials of justice. For informative discussions of the issues and procedure see Frank, *"Coram Nobis"* (1953) and Beaney, *"The Right to Counsel in American Courts"* (1955).

We conclude therefore that there was no error in the findings of the justice or in his decision, in terms "writ denied," but in substance affirming the judgment, that is to say the sentence, of which the petitioner complained.

The entry will be

*Exceptions overruled.*