**Charles L. PIKE, Petitioner,**

v.

**Allan L. ROBBINS, Warden, Maine State Prison, State of Maine, Respondent.**

**Civ. No. 5–10.**

United States District Court
D. Maine, S. D.
Oct. 10, 1956.

A. I reached this decision when it was too late.

"Q. After the war started? A. Yes. I was putting off all the time."

Charles L. Pike pro se.
No appearance for respondent.

CLIFFORD, District Judge.

This matter comes before this Court upon petitioner's application for writ of habeas corpus.

It appears from the application that at the September, 1953 Term of the Penobscot County Superior Court, petitioner pleaded guilty to the charge of forging a written instrument, being sentenced to a term of five to ten years on the first count and the second count being filed. It further appears that petitioner commenced to serve his sentence on or about September 30, 1953, and that he is still confined in the Maine State Prison in execution of said sentence.

The application for writ of habeas corpus contains the following allegations:

(1) That petitioner has been denied relief in the State Courts by his writ of error coram nobis (Pike v. State, Me., 123 A.2d 774) and habeas corpus.

(2) That petitioner's constitutional rights were not explained to him in that he did not have the aid and assistance of counsel as provided for in the Constitution of the United States.

(3) That petitioner was not then and there fully aware of his constitutional right to assistance of counsel and of the propriety of making request for counsel to Court, such request having been made only to the County Attorney for the County of Penobscot, and to a Deputy Sheriff.

(4) That petitioner's constitutional right to assistance of counsel was not explained to him prior to his plea of guilty.

(5) That petitioner is illegally imprisoned in that he is restrained of his personal liberty in violation of the Fourteenth Amendment of the United States Constitution.

(6) That there was no jury trial, and that petitioner did not competently and intelligently waive his constitutional right to assistance of counsel.

Petitioner filed petition for writ of error coram nobis against the State of Maine, which was determined by the Supreme Judicial Court of Maine on June 13, 1956, as appears in the decision reported in Pike v. State, 123 A.2d 774, 775. The following language is quoted from that decision:

"The remaining and vital issue in the case relates to the matter of counsel at the hearing in Superior Court at which the petitioner pleaded guilty. The Justice, in his decision, said: 'With reference to the claim of the petitioner that he was refused an attorney, although petitioner testified that he asked the County Attorney and a deputy sheriff for a lawyer, he also testified that he had been convicted on other occasions of felonies, and knew that the presiding Justice had authority to appoint counsel in his behalf. The presiding Justice was not requested to provide counsel. This Court rules that under the circumstances of this

case that petitioner waived any right to have counsel assigned to him. I find no evidence upon which to warrant the relief requested.'"

The decision of the Supreme Judicial Court of Maine then goes on to state that from the record taken most favorably to the petitioner, it appears (1) that he did not have counsel, and (2) that he at no time asked the Court for assignment of counsel. At most, he made the request to the County Attorney and to a Deputy Sheriff. Specifically, he testified on cross-examination about instances of criminal charges against him over a period of years.

Said decision then refers to a part of the testimony, which was, as follows:

"'Q. Now isn't it true, Charles, in your long experience in the criminal courts, that you well know that the presiding Justice has authority vested in him to appoint counsel in your behalf if you can prove to him that you can't afford it of your own means? A. Yes.

"'Q. You know that today and you knew it in 1953, isn't that true? A. Yes.'"

The Court then stated that they then had the case of a prisoner who did not request counsel, and who now contends that he was deprived of his constitutional right to assistance of counsel, although he was fully aware of such right and of the propriety of making such request to the Court. The burden was upon the petitioner to establish the essential fact, namely, that he had not validly waived his rights, and this burden he failed to meet.

First, I would call to the attention of the petitioner the fact that the Federal Constitution does not command a state to furnish a defendant counsel as a matter of course, as is required in Federal prosecutions. Lack of counsel at a state noncapital trial denies constitutional protection only when such lack results in a denial of justice to the accused.

In view of the testimony of the petitioner concerning the knowledge of his right to request counsel to be appointed in his behalf, and his failure to do so, this Court finds that he waived his right to assistance of counsel in the proceedings in the State Court, and is satisfied that the ends of justice will not be served by further inquiry.

It is therefore ordered, adjudged and decreed that the application for writ of habeas corpus be and hereby is dismissed, and the writ denied.