## Commonwealth, Appellant, *v.* Garner.

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas M. Reed,* Assistant District Attorney, with him *Richard A. Sprague,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

*Herman I. Pollock,* Defender, with him *Vincent J. Ziccardi* and *William J. Stevens, Jr.,* Assistant Defenders, for appellee.

OPINION BY MONTGOMERY, J., September 17, 1964:

This is an appeal by the Commonwealth of Pennsylvania from an order of the Court of Quarter Sessions of the County of Philadelphia setting aside a judgment of sentence after it had been executed and granting a new trial.

On May 26, 1944, appellee, Eugene Garner, Jr., who then was 20 years of age, was indicted on a charge of assault and attempted robbery. On June 21, 1944, he appeared for trial without counsel, pleaded guilty, and was sentenced for an indeterminate term at White Hill, where he served three years, was paroled, and subsequently was discharged from parole in November, 1950.

In December, 1959, Garner filed a petition to set aside his conviction, in which he alleged that he had not intelligently waived his right to counsel, that his confession had been coerced, and that at the time of the occurrence of the alleged assault and attempted robbery he had been in a drugged condition and had been drinking. The petition was dismissed without a hearing by the lower court on April 21, 1961. On appeal we affirmed on the opinion of Judge EUGENE V. ALESSANDRONI, which is published in 26 Pa. D. & C. 2d 289.

*Commonwealth v. Garner,* 196 Pa. Superior Ct. 578, 176 A. 2d 177 (1961). On petition for writ of certiorari the Supreme Court of the United States ordered: "The judgment is vacated and the case is remanded for further consideration in light of Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792." 372 U.S. 768, 83 S. Ct. 1105, 10 L. Ed. 2d 138. On June 21, 1963, the Supreme Court of Pennsylvania filed a similar order. A hearing was held in the lower court on January 14, 1964, before Judge RAYMOND PACE ALEXANDER, who on March 17, 1964, granted the prayer of the petition.

When this matter was before us in 1961 we held that the question of petitioner's right to counsel was moot. Following the return of this case it was reconsidered but we are of the same opinion that there is no jurisdiction remaining over the petitioner or the subject matter of his petition. Since Garner was discharged from parole in November, 1950, we conclude that Pennsylvania jurisdiction over Garner and over his judgment of sentence terminated at that time. Generally, where a sentence has been fully executed, the power of the court to modify or amend the sentence or to impose a new sentence is gone, whether or not the term has expired. *Commonwealth ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955). A court will not proceed to adjudication where there is no subject matter on which the judgment of the court can operate. *Parker v. Ellis,* 362 U.S. 574, 80 S. Ct. 909, 4 L. Ed. 2d 963 (1960).

Garner's present petition discloses that he is seeking to expunge the record of his conviction in Pennsylvania to enable him to reduce a sentence imposed on him as a second felony offender by the State of New York. The same question was presented to this Court in *Commonwealth v. Kadio,* 179 Pa. Superior Ct. 196, 115 A. 2d 777 (1955), cert. denied 350 U.S. 1001, 76 S. Ct. 558, 100 L. Ed. 865, although not in the form of

a petition to vacate a judgment of sentence but in the form of a petition for a writ of corum nobis. By basing our decision in that case on the fact that petitioner's delay of 17 years before attacking his conviction was too long to grant relief and that on the merits there was no basis for appeal, we found it unnecessary to dismiss the appeal on strict procedural grounds or on the closely connected jurisdictional question, which we recognized, when we stated, at page 200 (A. 2d 779), "This constitutional question [waiver of right of counsel] is ordinarily raised in a habeas corpus proceeding, but, of course, could not be so raised in the instant case since appellant is not confined in Pennsylvania. Coram nobis is ordinarily not the proper procedure to raise such contention and it is not properly raised in this proceeding." We also cited the analogous case of *Gayes v. New York,* 332 U.S. 145, 67 S. Ct. 1711, 91 L. Ed. 1962 (1947). After having been sentenced as a second felony offender by the State of New York, Gayes petitioned to vacate a first conviction, which had also been imposed by the State of New York, on the ground that he had not had counsel at the first trial. With four Justices dissenting, the Court held that Gayes had delayed too long in attacking the prior conviction.

On the question of the procedural remedies available to Gayes in New York Mr. Justice FRANKFURTER, speaking for the majority, stated in *Gayes v. New York,* supra, at page 148, "But upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving. Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by a flank attack, challenge the sentence of 1938."

We are aware that when an executed federal conviction is used by a state to impose additional penalties under a state's multiple offender statute, the federal courts will permit a direct attack on the federal conviction. This remedy was made available in *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954). In that case the Supreme Court of the United States held that the custody requirement under the federal habeas corpus statute, 28 U.S.C. §2255, 28 U.S.C.A. §2255, could not be met; but it invoked the all-writs section of the Judicial Code, 28 U.S.C. §1651-(a), 28 U.S.C.A. §1651,[1] and treated the record as a motion in the nature of a writ of error coram nobis to justify the exercise of its jurisdictions. This practice is not inconsistent with the power frequently assumed by federal courts to review constitutional questions when there has been an exhaustion of state remedies. The federal district courts grant writs of habeas corpus under 28 U.S.C. §2254, 28 U.S.C.A. §2254, in multiple offender cases when state remedies have been exhausted.[2] In some of these cases there is dicta to the effect that before the federal courts will review the constitutional question the petitioner must exhaust all of the state remedies in both the state where he received his first conviction and also in the state where he is incarcerated. However, what gives rise to federal review ultimately is the failure by the state having jurisdiction over the prisoner and his subsequent sentence to grant him relief. We do not think that these cases in the federal courts and the practice of those courts to allow a direct attack on an executed federal conviction, as established by *United States v. Morgan,* supra, are

---

[1] "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

[2] See cases cited at 28 U.S.C.A. §2254, note 13.

to be interpreted as a mandate by the Supreme Court of the United States that the states also must grant similar relief. We conclude that the Supreme Court of the United States remanded this case for reconsideration in light of *Gideon v. Wainwright* because of the unconsidered assumption that we accepted jurisdiction, which we do not.

Although our decision is based on strict procedural grounds, we are not unaware of the social implications of this matter. In that respect, we adopt the statement of Mr. Justice MINTON in his dissenting opinion in *United States v. Morgan,* supra, at page 519 : "It may be said that the federal conviction is still being used against respondent and, therefore, some relief ought to be available. Of course the record of a conviction for a serious crime is often a lifelong handicap. There are a dozen ways in which even a person who has reformed, never offended again, and constantly endeavored to lead an upright life may be prejudiced thereby. The stain on his reputation may at any time threaten his social standing or affect his job opportunities, for example. Is *coram nobis* also to be available in such cases? The relief being devised here is either wide open to every ex-convict as long as he lives or else it is limited to those who have returned to crime and want the record expunged to lessen a subsequent sentence. Either alternative seems unwarranted to me.

"The important principle that means for redressing deprivations of constitutional rights should be available often clashes with the also important principle that at some point a judgment should become final—that litigation must eventually come to an end. These conflicting principles have traditionally been accommodated in federal criminal cases by permitting collateral attack on a judgment only during the time that punishment under the judgment is being imposed, and Con-

gress has so limited the use of proceedings by motion under 28 U.S.C. §2255, 28 U.S.C.A. §2255. If that is to be changed, Congress should do it."

Order reversed and petition to vacate judgment of sentence dismissed.

———

DISSENTING OPINION BY FLOOD, J.:

I cannot agree that this matter is moot while the relator remains in prison as a result of the conviction which the court below found to be the result of an invalid trial in Pennsylvania.

This is not merely a question of rehabilitating the reputation of one who has already served his sentence. The setting aside of the Pennsylvania conviction will probably do little for Garner's reputation or social standing. The question involved is whether he is validly imprisoned.

If the defendant's petition is believed, he was convicted in New York in 1956 of carrying a weapon, which is, for a first offender, a misdemeanor carrying a maximum penalty of one year under the New York Penal Law, §§1897, 1937. He would, therefore, have long since completed his maximum sentence in New York, were it not for his prior Pennsylvania conviction for attempted robbery. Section 1897, supra, makes carrying a weapon a felony instead of a misdemeanor if the defendant had previously been convicted of "any crime". A felony carries a maximum penalty of seven years under §1935 of the New York Penal Code. In the case of a second felony, which Garner's New York crime became because of his Pennsylvania conviction, the maximum sentence may be fourteen years. As a matter of fact, instead of the maximum of one year which he could have been given if the New York conviction stood alone, he is serving, because of the effect of the Pennsylvania conviction, a sentence of thirteen to fourteen years.

The New York court cannot grant a new trial in a Pennsylvania case, although conceivably it might hold the Pennsylvania conviction unconstitutional and invalid and therefore no basis for a second offender sentence. It seems appropriate, if not necessary, that the matter should be determined here. Whether or not the decision in *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. ed. 248 (1954), is binding upon state courts, its reasoning is persuasive. Procedural rules or rules of convenience denying a remedy must give way when constitutional rights are involved.

I would affirm the order of the court below.