85 N.J. Super. 68 (1964)
203 A.2d 727
LAWRENCE JANIEC, JR., PETITIONER,
v.
STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Law Division.
Decided September 25, 1964.
*69 Mr. Roger W. Breslin, attorney for petitioner.
Mr. Carlos Peay argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
GALANTI, J.C.C. (temporarily assigned).
On February 2 and March 8, 1932 the Bergen County grand jury returned indictments nos. 8911 and 8940 charging petitioner with robbery. On April 7 and July 15, 1932 petitioner pleaded guilty to both indictments. On February 2, 1933 he was sentenced to serve not less than two nor more than seven years in the State Prison on indictment no. 8911, and not less than three nor more than seven years in the State Prison on indictment no. 8940, the sentences to run consecutively.
On June 9, 1964 defendant petitioned the assignment judge of Bergen County to vacate the judgments and sentences of 1932 and 1933. This motion was considered as an application for post-conviction relief, pursuant to R.R. 3:10A. Counsel was appointed and the matter was referred to this court for disposition. Defendant is confined to the State Prison under a life sentence as an habitual criminal, imposed by the Monmouth County Court on October 11, 1951.
Defendant seeks to set aside his convictions, alleging violation of his constitutional rights in that he was denied due process of law because he was not represented by counsel at the time of entry of the guilty pleas and sentences. He further alleges that he was indigent and without funds, and *70 therefore could not retain counsel of his choice; that he was not advised of his constitutional right to be represented by counsel, and that he was not told by the court that counsel would be appointed if defendant did not have the funds to retain an attorney.
The Sixth Amendment of the United States Constitution provides:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."
The Fourteenth Amendment provides:
"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
On March 18, 1963 the United States Supreme Court ruled in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that the Sixth Amendment's guarantee of counsel for indigent federal defendants was made obligatory upon the states by the Fourteenth Amendment, and that the appointment of counsel for an indigent criminal defendant was a fundamental right essential to a fair trial. The necessity of counsel in criminal proceedings is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932):
"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of *71 counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." (at pp. 68-69, 53 S.Ct., at p. 64)
In Gideon the court stated:
"* * * reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." (372 U.S., at p. 344, 83 S.Ct., at p. 796)
Gideon further held that Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), was overruled and that there is no longer a distinction between capital and noncapital cases. The court also overruled Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986 (1948), and several other cases which made a distinction between capital and noncapital cases. In so doing, the Court also overruled the several decisions in this State which made a distinction between capital and noncapital cases and which decisions rested on Betts v. Brady, supra, and Bute v. Illinois, supra.
This court recognizes that Janiec's petition presents a slightly different factual situation from Gideon v. Wainwright, supra, and United States v. Myers, 329 F.2d 856 (3 Cir. 1964). In Gideon, the defendant's request for counsel was denied, and he thereafter unsuccessfully attempted to defend himself. In the Myers case the court refused a request for counsel and the defendant then pleaded guilty. Janiec, however, pleaded guilty without expressly requesting the services of an attorney.
In deciding that Gideon compelled the offer of counsel to an indigent defendant who has pleaded guilty and who did not expressly request the services of an attorney, Judge Kaufman in United States v. LaVallee, 330 F.2d 303 (2 Cir. 1964), stated:
*72 "In light of the Gideon rationale and the precise ruling in Doughty, we feel constrained to hold that state convictions, when founded on a plea of guilty by a defendant unaware of his right to counsel, similarly cannot stand." (at p. 308) (Emphasis added)
Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), dealt with a fact situation similar to the one presented here. In 1959 Doughty pleaded guilty in Ohio to a 1958 indictment for rape, without ever requesting counsel. Before the Gideon decision the Ohio Supreme Court denied Doughty's petition for habeas corpus on the ground that he had waived his right to counsel by pleading guilty. Doughty v. Sacks, 173 Ohio St. 407, 183 N.E.2d 368 (1962). Doughty's petition for certiorari reached the Supreme Court after the Gideon decision and the Supreme Court reversed and remanded for further consideration in view of that case. 372 U.S. 781, 83 S.Ct. 792 (1963). On remand the Ohio Supreme Court held that Gideon was not dispositive because Doughty had failed to request the assistance of counsel. 175 Ohio St. 46, 191 N.E.2d 727 (1963). This second Ohio decision was reversed by the Supreme Court in a brief per curiam opinion, Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964) citing Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1952) and Gideon v. Wainwright, supra. 84 S.Ct. 702 (1964).
We feel compelled to extend the Gideon rationale to the facts presented here, particularly because the holdings in United States v. LaVallee, supra, certiorari denied LaVallee v. Durocher, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964) and Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702 (1964), restrain us from deciding otherwise.
The question arises as to whether there was a waiver of the right to counsel. The Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), stated the standard of proof required for waiver of the right to counsel:
*73 "It has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. * * *
The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused  whose life or liberty is at stake  is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." (at pp. 464-465, 58 S.Ct., at p. 1023) (Emphasis added)
Defendant in Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945), pleaded guilty to a burglary charge without requesting counsel. He claimed he had not been advised of his right to the assistance of counsel and had not waived that right. The court held that a plea of guilty cannot act as a waiver of court appointed counsel and that the absence of a request therefor was irrelevant to a determination of whether counsel should have been appointed: "A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary."
In LaVallee, supra, the court disposed of the argument that the right to counsel depended upon a request.
"If we were to hold that Gideon might not be invoked by those who did not request the assistance of counsel, we would be penalizing precisely those defendants whom Gideon was most intended to protect  those so ignorant of or unfamiliar with criminal procedures that they were not even sufficiently sophisticated to request court-appointed counsel." (330 F.2d, at p. 309)
In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884 (1962), Mr. Justice Brennan stated:
"* * * it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. * * * Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but *74 intelligently and understandingly rejected the offer. (Emphasis added; at pp. 513, 516, 82 S.Ct., at pp. 889, 890)
Our Supreme Court, in In re Garofone, 42 N.J. 244, said:
"It is conceded that Garofone was indigent. The trial court found (1) that Garofone was told by the magistrate that counsel would be assigned to him if he so wished; but (2) that the right to counsel was not waived because it did not appear that Garofone was expressly asked whether he affirmatively waived his right to assigned counsel and elected to proceed without that aid. We gather the trial court may have doubted that the defendant really understood he could have counsel assigned to him without cost and hence concluded that a `waiver' could be found only if there was elicited from him `a conscious, coherent, affirmative indication that he does not desire the assistance of counsel' (80 N.J. Super., at p. 279). At any rate, we need not consider the subject of waiver beyond saying that our reading of the record persuades us that although Garofone was told of his right to be represented by counsel, he was not told that he could have counsel assigned without cost. That being so, we accept the trial court's ultimate conclusion that there was no waiver." (at pp. 245-246)
We conclude that Janiec, by his plea of guilty, did not intentionally waive his right to counsel.
In the instant case the court deals with two 1933 convictions. Therefore, we must decide whether or not the principles announced in Gideon are to be retrospectively applied and, if so, to what extent.
United States v. LaVallee, supra, held that "it is settled law that Gideon is to be applied retrospectively." 330 F.2d, at p. 311. Once it is determined that a conviction under review was obtained in violation of the constitutional right to counsel, a new trial should be awarded and it should make no difference whether the violation occurred before or after the Gideon decision. See the concurring opinion in Jones v. Cunningham, 319 F.2d 1, 5 (4 Cir. 1963).
In United States v. Myers, 329 F.2d 856 (3 Cir. 1964), which involved a 1931 conviction, Judge Hastie, in dealing with the retroactive application of Gideon, suggests that the real question is "what canons of judgment should be employed in making this decision,"
*75 "The petitioner is entitled to the most competent and informed decision the judge can now make whether there was fundamental unfairness in his past conviction. Our system is not so unenlightened as to require that in attaching present consequences to 1931 occurrences, a judge must ignore all of the insight that men learned in the law and observant of human behavior have acquired concerning the essentials of tolerable criminal procedure during the past 30 years." (at p. 859)
Gideon itself involved a retrospective application to a 1961 conviction. The Supreme Court in Doughty v. Maxwell, supra, looked back to 1959. United States v. Myers, supra, dealt with a 1931 conviction. In United States v. LaVallee, supra, the court applied the principles of Gideon to 1931, 1943, 1950 and 1954 convictions. Nowhere in these decisions is any convincing reason given that at some point in time Gideon should cease to apply. There is little to sustain the argument that a defendant convicted subsequent to 1961 should receive greater protection than one convicted before that date.
"Thus to hold would be to assign a lower constitutional status to pre-Gideon prisoners who were denied the right to counsel, a right so `fundamental and essential to a fair trial' that it is made obligatory upon the States by the Fourteenth Amendment to the United States Constitution." United States v. LaVallee, supra, 330 F.2d, at p. 312.
Because of the absence of a specific ruling by the Supreme Court on the retroactive effect of Gideon, we feel constrained to abide by the rationale of Gideon, the Doughty decision and those of the Second and Third Circuit Courts of Appeals.
The court finds as a fact that Janiec was 20 years old at the time of his conviction, an indigent whose education ended before completion of the sixth grade. At the time of entry of his guilty pleas and at the time he was sentenced Janiec was not represented by counsel, nor was he told he could have counsel assigned without cost. The prosecutor has stipulated that the court records do not disclose that defendant was represented by counsel at the time Janiec pleaded or was sentenced.
*76 Because of our findings of fact and the applicable case law, the motion to vacate the judgments under review is hereby granted.
Submit proper order.