CARROLL, Judge.
The appellant Robert Lee Davis was informed against in Dade County. The information was in two counts. The charge-contained in the first count was for possession of a pistol after previously having-been convicted of a felony, in violation of' § 790.23 Fla.Stat., F.S.A.[1] The second-count charged failure to register with the-sheriff as a convicted felon, within 48 hours-after arrival in Dade County, in violation-of § 775.13 Fla.Stat, F.S.A. The prior *441 'felony conviction depended upon in each count was one for robbery rendered in Hillsborough County in 1946 on his plea of : guilty.
The defendant waived a jury and was tried before the criminal court of record in Dade County. The state produced record evidence of the 1946 felony conviction. It was disclosed from the court minutes 'that when the defendant pleaded guilty in the 1946 case he was without counsel. Evidence of his possession of a pistol as alleged also was presented in the Dade •County trial.
At the close of the state’s case the defendant, through the public defender who represented him at the trial, moved for a •directed verdict. The trial judge granted •defendant’s motion as to count two, charging failure to register as a felon. On the ■motion for directed verdict as to count one, it was contended on behalf of the defendant 'that the state had failed to prove validity ■of the 1946 robbery conviction.
The motion for directed verdict as to ■count one was denied. Thereupon defendant’s attorney announced intention to institute proceedings in Hillsborough County 'in the court which had rendered the 1946 judgment to attack its validity. The trial judge then stated adjudication of guilt and sentence would be withheld, dependent on the outcome of such proceedings in Hills-borough County, and directed the parties to make due report thereon.
Later it was reported to the trial judge that the court in Hillsborough County had denied defendant’s motion filed under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix because the sentence imposed on the earlier judgment had been served, and that a further challenge of the judgment was being filed in the Hillsborough court by motion for writ of error coram nobis. Ultimately it was reported to the trial judge in Dade County, without objection or contradiction by the state, that defendant’s motion for writ of error coram nobis was dismissed by the Hillsborough court summarily, without going to the merits.[2]
When it appeared in the trial of this case that the prior conviction had resulted from proceedings in which the defendant was not represented by counsel then it became material to inquire into and determine the circumstances thereof bearing on the validity of the judgment of conviction, under the rule of the Gideon case.[3] In Sardinia v. State, Fla. 1964, 168 So.2d 674, 677, the Supreme Court of Florida said:
“A plea of guilty, in and of itself, is not a waiver of the right to assistance of counsel. Indeed, the lack of advice of counsel could often result in a plea of guilty by one untrained in the intricacies of the criminal law. It is for this very reason that assistance of counsel in felony cases has been elevated to due process status. Gideon v. Wainwright, supra. It is only when the accused knowingly and intelligently waives the right that he can be bound by any action taken without such assistance. Carnley v. Cochran, 369 U.S. 506, 508, 82 S.Ct. 884, 8 L.Ed.2d 70; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.”
In Mason v. State, Fla.1965, 176 So.2d 76, 79, the Supreme Court approved a prior *442 holding of the second district court of appeal that “failure of an accused to request counsel is not of itself a waiver,” and said:
“ * * * q-jjg court has a duty to inform the accused of his right to have counsel and the availability of a state-supplied lawyer, if he is unable to provide his own. * * * ”
Further in that case (at p. 80) the Supreme Court outlined the procedure and cautioned that the steps taken should be noted in the minutes for further reference in event of subsequent challenge of the proceedings.
If the defendant’s motions challenging the validity of the judgment in the Hillsborough court, during a suspension of proceedings in the trial of the present case, had been determined on the merits, the decision of that court would have been conclusive on the material question of validity of the prior conviction. But when it was shown that the defendant’s motions challenging the 1946 conviction were not tried on the merits, the trial court in the Dade County case properly permitted the defendant to produce evidence bearing on the validity question. Thereupon the defendant was sworn, and upon interrogation by his attorney testified as follows:
“Q For the record would you please state your name.
“A Robert Lee Davis.
“Q You are the same person as the Robert Davis that was convicted of the offense of robbery in Tampa, Florida?
“A Yes.
“Q On June 10th, 1946?
“A Yes.
“Q For the record, since the record is not a photograph, you are colored; is that right?
“A Yes.
“Q When were you born ?
“A June 1st, 1923.
“Q Do you recall the time that you were convicted of that in 1946?
“A Can I tell how it was?
“Q I want you not to tell us about the case; tell us about the time you were in court.
“MRS. MORPHONIOS: Objection, your Honor. It has no material bearing on the case before the Court.
“THE COURT: Overruled. Go ahead.
“Q Did you have a lawyer then ?
“A No, sir.
“Q Could you have afforded a lawyer at that time?
“A No, sir.
“Q Did the Court offer you a lawyer at that time ?
“A No, sir.”
In addition to that testimony there was submitted on behalf of the defendant a certificate of the clerk of the Hillsborough court confirming the fact that the record of the proceedings on the prior conviction showed the defendant was not represented by counsel. The state presented no evidence to the contrary, taking the position that the record of the prior conviction was sufficient, and that evidence such as presented by the defendant was immaterial. The trial judge then adjudged the defendant guilty on count one and imposed sentence, from which judgment and sentence this appeal was taken.
The showing, on the record of the prior conviction that defendant was without counsel and testimony by the defendant as quoted above, from which the court was not entitled to infer that he was advised of his right to counsel and duly waived counsel, was not overcome by the state by any showing from the record of the prior case, or otherwise. We hold, therefore, that the state failed to establish the ex *443 istence of a valid prior conviction as alleged in the information, which was a material ■element of the crime charged in count one.
For the reasons stated the judgment appealed from is reversed, and the cause is remanded with directions to discharge the ■defendant.
Reversed and remanded.

. § 790.23, Fla.Stat., F.S.A., in pertinent part provides:
“ (1) It is unlawful for any person who has been convicted of a felony in the courts of this state, or convicted of an offense in any other state, territory or country which if committed in Florida would be deemed a felony, to own or to have in his care, custody, possession or control any pistol, sawed-off rifle or sawed-off shotgun. * * *
* * * * *
“(3) Any person convicted of violating this section shall be guilty of a felony,, and upon conviction shall be punished by imprisonment in the state prison for not more than ten years.”

. Although the reason for dismissal of the motion for writ of error coram nobis was not set forth in the order, it was represented to this court that the Hills-borough court considered coram nobis was not available, under the decisions of the second district court of appeal in Falagon v. State, Fla.App.1964, 167 So. 2d 62, and Grant v. State, Fla.App.1964, 166 So.2d 503. However, those decisions held coram nobis inapplicable in instances where it did not appear the moving party was precluded from seeking relief under Criminal Procedure Rule 1. In the latter, Grant v. State, supra, the court explained in a footnote that it was not ruling on whether coram nobis would be available when a right to proceed under Criminal Procedure Rule 1 was not. And see McCormick v. State, Fla.App.1964, 164 So. 2d 557, 558.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed .2d 799.