Commonwealth *v.* Sheehan, Appellant.

Submitted September 8, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward Rosenwald,* for appellant.

*A. Thomas Parke, III,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1969:

In June 1963 James Sheehan was arrested on, and pleaded guilty to, a charge of driving while under the influence of intoxicating liquor. He was fined and ordered to pay the costs of prosecution.

In September 1968 Sheehan was again arrested and charged with driving while under the influence of intoxicating liquor. He now stands indicted on that charge, his trial being continued pending determina-

tion of this appeal from the lower court's dismissal of his petition under the Post Conviction Hearing Act. In the said petition, Sheehan claimed his first conviction in June 1963 was illegal in that he was not represented by counsel at the time he pleaded guilty or at the time he was sentenced; that if he is convicted on the recent charge, he would automatically be sentenced to a jail term as a second offender even though the first conviction was illegal. The lower court refused to upset the first conviction.

It is our opinion that this petitioner cannot secure relief under the Post Conviction Hearing Act which states that "To be eligible for relief under this act, a person must . . . prove the following: (b) That he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or on parole or probation." Act of January 25, 1966, P. L. (1965) 1580, Sec. 3, 19 P.S. Sec. 1180-3. Sheehan is neither so incarcerated nor on parole or probation.

In *Commonwealth v. Garner,* 204 Pa. Superior Ct. 227 (1964), this court refused to allow a petition to set aside a judgment which had been fully executed even though petitioner was seeking to erase that former conviction to avoid being sentenced as a second offender by the New York courts on an offense imposed subsequent to the execution of the prior sentence. We there stated:

"Since Garner was discharged from parole in November, 1950, we conclude that Pennsylvania jurisdiction over Garner and over his judgment of sentence terminated at that time. Generally, where a sentence has been fully executed, the power of the court to modify or amend the sentence or to impose a new sentence is gone, whether or not the term has expired. Commonwealth ex rel. Berry v. Tees, 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955). A court will not proceed to adjudication where there is no subject matter on

which the judgment of the court can operate. Parker v. Ellis, 362 U.S. 574, 80 S. Ct. 909, 4 L. Ed. 2d 963 (1960)."

This court then adopted and quoted the dissenting opinion of Mr. Justice MINTON in *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247 (1954), as follows:

"The relief being devised here is either wide open to every ex-convict as long as he lives or else it is limited to those who have returned to crime and want the record expunged to lessen a subsequent sentence. Either alternative seems unwarranted to me.

"The important principle that means for redressing deprivations of constitutional rights should be available often clashes with the also important principle that at some point a judgment should become final—that litigation must eventually come to an end. These conflicting principles have traditionally been accommodated in federal criminal cases by permitting collateral attack on a judgment only during the time that punishment under the judgment is being imposed, and Congress has so limited the use of proceedings by motion under 28 U.S.C. §2255, 28 U.S.C.A. §2255. If that is to be changed, Congress should do it."

In 1966 our Pennsylvania Supreme Court handed down its decision *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40 (1966), in which it allowed relief on a habeas corpus petition to a petitioner then serving a sentence the commencement of which had been postponed until the alleged invalid prior sentence had been completed. Petitioner there claimed the prior sentence to be invalid because he was not represented by counsel during the proceedings and, therefore, his sentence on the subsequent offense should be calculated as of the date of imposition thereof and not as of the date he finished serving the first sentence. Our Supreme Court agreed, saying: "Ulmer is legally entitled to seek

relief from imprisonment beyond the correct expiration date of the lawful sentences imposed, and habeas corpus is the only available remedy to obtain it."

In *Commonwealth ex rel. Ackerman v. Russell*, 209 Pa. Superior Ct. 467 (1967), petitioner at the time of his filing of a petition under the Post Conviction Hearing Act was serving a sentence imposed subsequently to that which he contended was invalid. This court did not find any waiver arising from petitioner's failure to raise the issues in previous proceedings filed by him, and we held that the *Ulmer* decision impliedly overruled the longstanding rule that a sentence which has expired cannot be attacked.

We would limit the effect of the *Ulmer* and *Ackerman* decisions to the fact situation present in both, that is, where there is a subsequent sentence imposed while the invalid sentence is being served and petitioner wishes credit toward the subsequent sentence for the time served on the invalid sentence. It is our opinion that the *Ulmer* and *Ackerman* decisions do not apply to this case before us in which there is a hiatus between the executed alleged invalid sentence and the imposition of the subsequent sentence. As already reasoned by this court in *Commonwealth v. Garner, supra,* at some point a judgment should become final—litigation must eventually come to an end.

**Order affirmed.**

---

DISSENTING OPINION BY HOFFMAN, J.:

I vigorously dissent from the majority's attempt to revive *Commonwealth v. Garner*, 204 Pa. Superior Ct. 227, 203 A. 2d 333 (1964), and its denial of a remedy to appellant.

*Garner* held that a defendant could not attack a sentence which affected a sentence he was serving if the former sentence had been served. That rationale was rejected by the Supreme Court in *Commonwealth*

*ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A. 2d 233 (1966), and by this Court in *Commonwealth ex rel. Ackerman v. Russell,* 209 Pa. Superior Ct. 467, 228 A. 2d 208 (1967).

We stated specifically in *Ackerman*: "Prior to *Ulmer* it was held by us that a sentence which had expired might not be attacked. Commonwealth v. Garner, [supra; citations omitted]. However, . . . we find in Ulmer a contrary ruling which impliedly overrules Garner . . . [citation omitted]. Therefore, the argument of expiration of sentence no longer prevents an attack on the sentences which have expired." Id. at 472. I joined in *Ackerman* because it overruled *Garner.*

I would apply *Ulmer* and *Ackerman* to the instant case, even though appellant is not incarcerated under a second sentence as yet. See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §3, 19 P.S. §1180-3. The Act was designed to provide a uniform procedure for determining if convictions were obtained and sentences imposed without due process of law. Id. §2, 19 P.S. §1180-2. The procedure was to "encompass all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus and coram nobis." Ibid. Accordingly, I would construe the Act to grant a uniform procedure for petitioners who would have relief at common law or under the statutes.

However, even if the Court is reluctant to so construe the Act, habeas corpus and coram nobis remain as remedies and, on appeal, we may consider the petition below as properly raising a question of relief under them. See *Commonwealth v. Tinson,* 433 Pa. 328, 249 A. 2d 549 (1969).

The writ of coram nobis has been traditionally held to lie for errors of fact, "extrinsic of the record, un-

known and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered." *Commonwealth v. Harris,* 351 Pa. 325, 327, 41 A. 2d 688 (1945). See *Commonwealth v. Kurus,* 371 Pa. 633, 92 A. 2d 196 (1952) ; *Commonwealth v. Kadio,* 179 Pa. Superior Ct. 196, 115 A. 2d 777 (1955). Although the fact of counsel's absence is clear, to require an uncounseled defendant to have put his objection on the record begs the very question appellant seeks to raise. It certainly would not be in the interest of justice to require an ignorant defendant to raise claims apparent to those learned in the law on peril of losing the benefit of subsequent relief. Cf. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938). The extension of coram nobis to a claim of nonrepresentation by counsel has been made by several courts. See, e.g., *United States v. Morgan,* 346 U.S. 502, 74 S. Ct. 247 (1954) ; *Knight v. States,* 42 Ala. App. 672, 178 So. 2d 101 (1965) ; *State v. Lindsey,* 231 Ind. 126, 106 N.E. 2d 230 (1952) ; *Pike v. States,* 152 Me. 78, 123 A. 2d 774 (1956) ; *State v. Stodulski,* 298 S.W. 2d 420 (Mo. 1957) ; *Janiec v. McCorkle,* 52 N.J. Super. 1, 144 A. 2d 561 (1958), cert. denied *sub nom. Janiec v. New Jersey,* 362 U.S. 944, 80 S. Ct. 811 (1960) [nonrepresentation by counsel soundable in coram nobis], 85 N.J. Super. 68, 203 A. 2d 727 (1964) [post-*Gideon* grant of coram nobis relief] ; *People v. Silverman,* 3 N.Y. 2d 200, 144 N.E. 2d 10, 165 N.Y.S. 2d 11 (1957). Cf. *Davis v. State,* 191 So. 2d 440 (Fla. 1966) ; *Ex parte Morgan,* 412 S.W. 2d 657 (Tex. Crim. App. 1967) ; *State v. Angevine,* 62 Wash. 2d 980, 385 P. 2d 329 (1963). Also see Frank, Coram Nobis (1953).

Moreover, it is not clear that habeas corpus would not lie, though it is not a traditional remedy to attack

so-called moot convictions. Cf. *Carafas v. La Vallee,* 391 U.S. 234, 88 S. Ct. 1556 (1968) ; *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965) ; *Commonwealth ex rel. Ulmer v. Rundle,* supra.

Certainly the possibility of a harsher sentence upon conviction for a second offense is sufficient prejudice to make available either the writ of coram nobis, see *United States v. Morgan,* supra at 512-513; *United States v. Forlano,* 319 F. 2d 617 (2d Cir. 1963) ; *United States v. Flanagan,* 305 F. Supp. 325, 6 Cr. L. Rep. 2147 (E.D. Va. 1969), or the writ of habeas corpus, see *Carafas v. La Vallee,* supra. Also see *Ginsberg v. New York,* 390 U.S. 629, 88 S. Ct. 1274 (1968) ; *Sibron v. New York,* 392 U.S. 40, 88 S. Ct. 1889 (1968).

Since it is admitted that appellant was unrepresented at his conviction in 1963, I would reverse the order of the lower court and order a new trial. See *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963) ; *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964).

SPAULDING, J., joins in this dissenting opinion.