PEARSON, Chief Judge
(specially concurring).
I think it ■ should be pointed out for the guidance of the bar that the question presented by this appeal is whether the trial court erred in denying the appellant’s petition for a writ of error coram nobis. This court has recognized the existence of the writ in conjunction with the post-conviction relief supplied by Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A. See McCormick v. State, Fla.App. 1964, 164 So.2d 557; Davis v. State, Fla. App.1966, 191 So.2d 440.
Historically the writ of error coram nobis was reserved for extreme cases in which great injustice would be done if the writ were not awarded and no other means for obtaining judicial relief was available. See 18 Am.Jur.2d, Coram Nobis, § 1, page 448. It is my view that the appellant’s petition did not present a basis for the relief sought because it showed that appellant had served his sentence under the judgment of conviction he had sought to have vacated, and it failed to show that he was in jeopardy of losing any legal right because of the judgment.