87 N.J. Super. 76 (1965)
208 A.2d 159
LAWRENCE JANIEC, JR., PETITIONER-RESPONDENT,
v.
STATE OF NEW JERSEY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1965.
Decided March 12, 1965.
*77 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Carlos Peay, Jr., Legal Assistant, argued the cause for appellant (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
Mr. Roger W. Breslin, Sr. argued the cause for respondent (Mr. Roger W. Breslin, Jr., on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The State appeals from judgments entered October 1, 1964 in post-conviction proceedings brought by petitioner pursuant to R.R. 3:10A (Post-Conviction Relief) vacating convictions entered against him in 1933 on pleas of guilt of robbery. The indictments were returned by the Bergen County grand jury, apparently in early 1932. The judgments in favor of petitioner were based upon findings by *78 the trial court that when he pleaded guilty in 1932 and was sentenced in 1933 he was an indigent, 20 years of age, and was neither represented by counsel nor informed that he could have counsel assigned without cost. Janiec v. State, 85 N.J. Super. 68 (Law Div. 1964).
The cited Law Division opinion discusses the law relative to the case, which need not be discussed here, since we are satisfied, and the State concedes, that if the factual determinations made by the trial court are justified the legal relief granted was proper under controlling decisions of the United States Supreme Court cited by the Law Division. See also State v. Johnson, 43 N.J. 572 (1965).
But the State argues that the findings of the trial court were not warranted under the proofs adduced and should be reversed; or, in the alternative, that the matter should be remanded to the trial court for reconsideration in view of misapprehension by that court of the opinion of this court in a prior post-conviction proceeding brought by petitioner, Janiec v. McCorkle, 52 N.J. Super. 1 (App. Div. 1958), and since there is additional evidence relative to the question as to whether petitioner was in fact represented by counsel in connection with the 1933 convictions.
Since the entry of the judgments in this matter petitioner has procured the vacation by the Monmouth County Court of a life sentence imposed upon him in 1951 by that court as a four-time offender pursuant to the Habitual Offender Act, N.J.S. 2A:85-12. The relief thereby granted was based upon the vacation of the Bergen County convictions in the present matter. That action is also under appeal to this court by the State. It is thus apparent that a correct determination of the instant proceeding is of great importance to both the petitioner and the State.
The filed opinion of the trial court in the present case does not discuss the evidence adduced before it relative to the factual issues. However, the court made oral findings upon the completion of the proofs at the hearing conducted in the matter. These were as follows:
*79 "I will find as a fact that the burden is upon the defendant Janiec to prove that he was not represented by counsel at the time of his pleading and at the time of the imposition of sentence by Judge Seufert.
I find as a fact, taking into consideration the lack of evidence on behalf of the State other than the general statement by David P. Kuehne, attorney, that he has no recollection, and his statement as to what occurred in 1950 and further taking into consideration the statement of Judge Hall, now Justice Hall, as stated in Janiec v. McCorkle, 52 New Jersey Super. page 1, and the Appellate Division at that time was composed of Stanton, Hall and Gaulkin, and in that case a resume of defendant's activities was succinctly detailed, and in that decision Judge Hall stated  and this is very interesting:
`Appellant's claim of violation of constitutional rights said to void the conviction is based on the alleged failure to assign counsel to defend him or to advise him of his right to counsel. Since the event took place prior to 1948, the question is governed by our law in effect at the time of the conviction as well, of course, as by the effect of the Fourteenth Amendment. The basic principles are succinctly stated in the leading case of State v. Cynkowski, supra [10 N.J. 571]. Although the attack in that instance was by writ of habeas corpus on the validity of a conviction under which the defendant was then confined following a plea of non vult, the rules there summarized are no less pertinent to our situation.'
Then follow the rules.
I find as a fact that on both occasions of the plea and the sentence the defendant was not, had not, been assigned counsel to defend him or, no one, either the court or anyone else, had advised him of his right to counsel, and as stated by our Supreme Court in Garofone, that he was entitled to `assigned counsel without costs.'"
In the 1958 McCorkle case therein alluded to, and cited above, Janiec had brought a habeas corpus proceeding for the purpose of vacating the first of the four convictions supporting the Monmouth County life sentence  one resulting from a 1930 trial of petitioner in Passaic County for breaking and entering with intent to steal  and if successful in relation thereto, to have the life sentence set aside as a consequence. There, too, petitioner had asserted that he was not afforded counsel in connection with the Passaic conviction or advised of his right as an indigent to have counsel assigned. (He did not at that time, although then represented by counsel, attack the Bergen County convictions on the same ground.) This court, in an opinion by Judge (now Justice) Hall, affirmed *80 the denial of habeas corpus relief by the trial court on several grounds, but essentially for the reason that under the state of the federal constitutional law as it then stood, and of our state law as of 1930, the failure to provide an indigent criminal defendant with free counsel or to apprise him of his right thereto, would not, without something more in the circumstances tantamount to a denial of fundamental fairness, justify vacating a conviction, especially after as long a lapse of time as there appeared.[1]
But the significance of the enigmatic allusion to McCorkle by the trial court in its oral findings quoted above becomes clearer in the light of a colloquy with counsel for the State during the hearing:
"THE COURT: Do you have a record of Mr. Janiec being represented by counsel at the time of the pleading in this case?
MR. PEAY: I have a document which I will introduce to show, or tend to show, that he was represented by counsel.
THE COURT: Are you stating to the court that Mr. Janiec was represented by counsel at the time that he pleaded guilty and at the time that he was sentenced, and that counsel was representing him in open court; is that my understanding, Mr. Peay?
MR. PEAY: I can only say that I have records that tend to show that he was assigned counsel and counsel represented him in all stages.
THE COURT: All right; fine.
I am just wondering what Judge Hall, now Justice Hall, meant in Janiec v. McCorkle, 52 New Jersey Super., when he describes the activities before him and he states that he was not represented by counsel. That is what I mean.
You agree with what Judge Hall says?
MR. PEAY: I don't have the case before me.
THE COURT: Here. I will show it to you.
Shall we proceed?
Do you wish a chance to glance at that  just the first couple of pages where Justice Hall gives a resume of the matter.
MR. PEAY: Yes.
THE COURT: Does Judge Hall state that he was not represented?
*81 MR. PEAY: Yes.
THE COURT: I just wondered."
The apparent concession to the court by the prosecutor's representative that the McCorkle opinion finds that Janiec was not represented by counsel when he pleaded in the Bergen County proceedings in 1932 is not justified. Nothing in the opinion so intimates, nor was that issue even raised in that proceeding. In the light of the present record we consequently entertain some misgivings as to whether the trial court here was influenced by a mistaken impression of the purport of the McCorkle opinion in the respect noted in arriving at its ultimate factual finding in favor of petitioner on the issue of representation by counsel.
We are, moreover, also concerned as to whether a determination of the factual issue in the present matter should not be attended by giving consideration to the apparent circumstance that petitioner failed to include in his attack upon the life sentence in the McCorkle proceedings an assault upon the 1933 Bergen County convictions for lack of counsel, as he is now doing, if it was his belief in 1958 that he had not been afforded counsel in Bergen County. In other words, why did he confine his attack at that time, in terms of deprivation of counsel as a constitutional infirmity, solely to the 1930 Passaic County conviction? This factor was given no consideration by the trial court, and the explanations now submitted by petitioner's counsel are not too persuasive, in our judgment. In describing the scope of the habeas corpus claims by petitioner in the 1958 case Judge Hall said: "The papers [on the habeas corpus application] were prepared by competent counsel who shows by his own affidavit annexed thereto that a conscientious investigation was made. We can presume that all factual bases of claim that could in any way be justified or supported were stated." (52 N.J. Super., at p. 23.) We do not at this juncture suggest that Janiec's failure in the 1958 case to raise the point of lack of counsel in the Bergen County prosecutions necessarily requires a resolution of the *82 present factual issue against him. We do think, however, that it requires deliberation along with all the other evidence before a definitive factual conclusion is arrived at on this critical issue.
In the filed opinion of the trial court in this matter it is stated: "The prosecutor has stipulated that the court records do not disclose that defendant was represented by counsel at the time Janiec pleaded or was sentenced." (85 N.J. Super., at p. 75.) This is not an entirely accurate statement. It was stipulated that there was no record at all (apparently meaning a stenographic record of any proceedings in open court) of any proceedings pertaining to the indictments in question, particularly in relation to the pleas and sentencing. Thus, the presently available court records are seemingly devoid of information, one way or the other, as to whether Janiec was represented by counsel. However, the records in the Bergen County prosecutor's office were shown to have included six notices, five of which were addressed to one David Kuehne, an attorney at 210 Main Street, Hackensack, with notations of service thereof on persons in Mr. Kuehne's office. One was for an arraignment of petitioner on a robbery charge, but for a date other than that on which he pleaded guilty; two were for trial dates on charges of robbery and carrying concealed weapons; and two for sentencing on robbery and carrying concealed weapons. One notice, for a trial date, was addressed to Janiec alone, the charge not being specified. It appears that at the general time period involved there was a separate and distinct charge against Janiec, apparently involving carrying concealed weapons. We were informed at oral argument that since the hearing the prosecutor has discovered that the original jackets of the files on the robbery indictments contain notations to the effect that Mr. Kuehne was assigned as counsel for petitioner in these matters.
The notices afore-mentioned were marked only for identification at the hearing. We are advised that the failure to offer them in evidence was an inadvertence. We have no way of knowing from what is before us whether the trial *83 judge treated them as evidential. If properly qualified as competent evidence they would clearly have some evidential value on the factual issue in question. At the hearing on remand of this matter the State should attempt to establish the competency of these records as evidence under the Uniform Business Records as Evidence Act, N.J.S. 2A:82-34 et seq., or any other applicable authority, and move their admission in evidence. As to the applicability of the uniform act to governmental agencies, see State v. Laster, 69 N.J. Super. 504 (App. Div. 1961); Fagan v. City of Newark, 78 N.J. Super. 294 (App. Div. 1963).
We need not here discuss the testimony of Mr. Kuehne at the post-conviction hearing, nor that of the petitioner himself. Further interrogation of these witnesses at the rehearing on remand may possibly be serviceable. If, as appears probable, Mr. Kuehne was assigned as counsel to petitioner at some phase of the prosecution in Bergen County, and having in mind his present lack of recollection as to any actual representation of petitioner at the time, it might be helpful if the parties would investigate more intensively and submit evidence with respect to the practices in the county at the time concerning assignments of counsel and their obligations, and as to appearances of assigned counsel in relation to notices of arraignment, trial or sentence such as were served on Mr. Kuehne.
In our judgment, the interests of justice from the standpoint of both the State and the petitioner call for a reconsideration of the pertinent factual issues by the trial court in the light of this opinion. Either side may on the remand offer, or the court may direct the submission of further proofs, or require any of the witnesses, including petitioner, to submit to further examination. Any pertinent portions of the record in Janiec v. McCorkle, supra, should be submitted and considered for such light as they may shed. On the basis of all the proofs which will have then been received the trial court will make specific detailed findings keyed to the evidence both as to the evidentiary facts and as to the ultimate *84 facts of representation vel non of petitioner by counsel at the pleas and sentencing and as to whether he was advsied of the right thereto as an indigent. Upon the redetermination of the matter by the trial court any aggrieved party may promptly bring the matter on for review and argument before this court by motion supported by brief without filing any notice of appeal, for which purpose this court retains jurisdiction of the matter.
So ordered.
NOTES
[1] Unquestionably an indigent defendant's present rights in relation to past failure to provide counsel, under the Fourteenth Amendment as now construed in such decisions as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964), are broader than as held in McCorkle in 1958.