92 N.J. Super. 289 (1966)
223 A.2d 208
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SINCLAIR DAVIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1966.
Decided September 30, 1966.
*290 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. John J. Francis, Jr., assigned attorney, argued the cause for appellant.
Mr. George A. Franconero, Assistant County Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from the denial of his petition for post-conviction relief. He contends that he was without the aid and advice of counsel on January 31, 1949 when he pleaded guilty in the Essex County Court before Judge Hartshorne to several accusations charging him with unlawful entry and larceny, and was also without counsel when he was sentenced on February 9, 1949. He maintains that he never waived his right to have counsel assigned to represent him.
Defendant never appealed from the judgments of conviction. It was not until March 22, 1965, when he filed his petition for post-conviction relief pursuant to R.R. 3:10A, more than 16 years after entry of his pleas and imposition of the sentences, that defendant challenged the propriety of his convictions on the sole ground that he was not represented by an attorney. He does not allege in his petition or in any supporting affidavit that he was not guilty of the offenses charged against him or that he would have entered a different plea if an attorney had been assigned in 1949 to represent him. He does not claim that he did not understand the charges against him or the consequences of his pleas of guilty to the accusations. Nor does he state in his petition that he was not advised of his right to counsel.
At the post-conviction hearing on June 18, 1965 the State presented the affidavit of Charles Abbey, who was the certified *291 court reporter at the time. Mr. Abbey entered the pleas and recorded the sentences. He represented that his records of the hearings at the pleas and sentences had been destroyed in accordance with a rule of the Supreme Court requiring retention of records for only five years. He had no personal recollection of the case. Nor did Judge Hartshorne. The prosecutor's records indicated that Judge Naughwright, now deceased, was the sentencing judge. Defendant did not testify, but his affidavit was accepted in lieu of his testimony, which would have been that he had no attorney at the time of his pleas and sentencing and had not waived his right to counsel.
In denying defendant's application the judge in the Law Division indulged in the presumption that defendant had waived counsel when he pleaded and was sentenced. The rationale was that a judge like Judge Hartshorne, who enjoyed a reputation for high judicial competency, would presumably have observed all the constitutional proprieties. 88 N.J. Super. 528, at p. 533. As opposed to this presumption, the judge below was unwilling to accept as true defendant's unsupported, albeit uncontradicted, allegation that he was without an attorney at the time of his pleas and sentences and had not waived his right to counsel. And this notwithstanding any proof by the State negating defendant's allegations.
The difficulty with the Law Division's approach lies in its failure to observe the rule laid down by the Supreme Court of the United States in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), wherein the court stated:
"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." (at p. 516, 82 S.Ct., at p. 890).
The record in the instant case makes no such showing.
*292 We have heretofore recognized in Janiec v. State, 87 N.J. Super. 76 (App. Div. 1965), that the appointment of counsel for an indigent defendant in a criminal case is a fundamental constitutional right essential to a fair trial and, absent an understanding waiver of that right, failure to assign counsel will necessitate a vacation of judgment of conviction. Moreover, the rule is applied retrospectively. The cases in support thereof are cited in Janiec v. State, 85 N.J. Super. 68 (Law Div. 1964).
We are mindful that these belated claims by defendant, who admittedly pleaded guilty many years ago to criminal charges, should be viewed with much caution because of the practical difficulties which confront the State in obtaining proof to negate the claims and in trying the case on its merits if defendant is permitted to withdraw his guilty plea. After all, a convict serving a long term has little or nothing to lose in asserting the claim and has a good chance that old records, which could destroy his claim, may no longer be available.
It may well be that the prosecutor might have made more strenuous efforts to ascertain the truth of defendant's claim, but for his reliance upon and awareness of the Law Division's indulgence in the presumption of judicial propriety in this and other similar cases which have recently come before us for review. The interests of justice require that the State be given an opportunity to exhaust all possibilities to establish the truth or falsity of the claim asserted by defendant. There may well be other records, other than those heretofore adverted to  for example, the court clerk's records with regard to this defendant and other accuseds who appeared on the days defendant pleaded and was sentenced  containing the desired information, or cross-examination of defendant may elicit facts which his ex parte affidavit does not disclose.
The order denying defendant's petition herein is vacated and the matter remanded to the trial court for a hearing, at which time defendant's testimony and any other relevant *293 evidence shall be presented. It might also be helpful to the court if evidence is submitted with respect to the practice in the county at the time concerning, (1) the advice given indigent defendants who wished to plead guilty or non vult as to their right to be represented by counsel, and (2) assignments of counsel and their obligations and appearances on pleas and sentences. The court shall then make new findings as to the critical factual issues, applying the legal principles spelled out in the Janiec opinions, supra. We do not retain jurisdiction.