**UNITED STATES of America**

v.

**Salvatore ODDO, Defendant.**

United States District Court,
S. D. New York.

March 31, 1955.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of New York, New York City, for the United States (Judson A. Parsons, Jr., Rochester, N. Y., of counsel).

Salvatore Oddo, petitioner, New York City, pro se.

MURPHY, District Judge.

This is a motion in the nature of a writ of error coram nobis to invalidate a judgment of conviction by this court in 1938 on the grounds that "petitioner was without counsel to represent him, nor, did the Court advise the petitioner of his right to the aid of court-assigned counsel."

The affidavits and annexed records show that petitioner was indicted on two counts in this court on May 9, 1938, charging him with unlawful sales of heroin in violation of 21 U.S.C.A. §§ 173, 174. Petitioner pleaded not guilty and was continued on bail by one district judge on May 12, 1938. On July 26, 1938, he withdrew his plea of not guilty and pleaded guilty to both counts of the indictment before another district judge

who sentenced him on August 5, 1938, to three years on the first count and five years on the second one, with execution of the five-year sentence suspended, and a five-year period of probation to commence after service of the three-year sentence. Petitioner served his sentence and on August 20, 1942, was ordered released from probationary supervision. At that point petitioner ceased to be involved in any way with the federal criminal law system.

On May 26, 1942, petitioner was convicted of the crime of robbery in the first degree, N.Y.Penal Law, McK.Consol. Laws, c. 40, § 2124, in a State court. In accordance with the State's multiple offender statute, N.Y.Penal Law, § 1941, the district attorney at that time filed an information charging petitioner with a prior New York felony conviction, viz., robbery in the third degree, N.Y.Penal Law, § 2128, in the same State court committed on July 13, 1931. No mention was made in that information of conviction of any federal offense. Petitioner admitted the prior conviction for third-degree robbery and was sentenced as a second offender, receiving the minimum term of 30 to 60 years under the multiple offender statute as it then read. Petitioner's subsequent effort to nullify his State conviction of robbery in the third degree of July 13, 1931, on the identical grounds urged here, viz., that he pleaded guilty without aid of counsel, and by identical motion, viz., coram nobis, was rejected by the State courts.[1] Petitioner's present circumstance in the State prison at Green Haven, New York, in no way is attributable to any federal conviction and cannot be alleviated by dint of any disposition of this motion.

This court will assume *arguendo*, without by any means deciding that such is the case, that petitioner was deprived of his right to assistance of counsel in connection with his federal conviction, so that no hearing to establish that point is necessary.[2] Nevertheless we consider this court without jurisdiction to dispose of this matter because it presents no case or controversy.[3]

Petitioner of course is not now in federal custody.[4] His present State detention in no way can be affected by any nullification of this federal conviction.[5] Unlike the predicament of petitioners in Fiswick v. United States,[6] there is involved in the instant case no hazard of deportation, assuming "moral turpitude" in his conviction, nor any delay in eligibility for naturalization, since petitioner swears that he "is a citizen of the United States." Nor would petitioner, "unless pardoned, carry through life the disability of a felon; and by reason of that fact he might lose certain civil rights."[7] Both of his undisturbed State felony convictions assure the disability of a felon and loss of civil rights.[8] Before nullification of his federal conviction could begin to have any effect in this respect, both of petitioner's State felony convictions would have first to be obliterated, and the assumption indulged that these are his only other felony convictions. As indicated, petitioner has already been unsuccessful in seeking to nullify one of these convictions in the State courts. The remote and speculative interest of petitioner in the instant matter places it clearly beyond the pale of a case or controversy upon which this court may act.

The petition is accordingly dismissed.

1. People v. Oddo, 283 App.Div. 497, 128 N.Y.S.2d 394.

2. Cf. Morgan v. United States, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

3. Constitution Art. III, Section 2, clause 1; St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199. And cf. Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 with Id., 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542.

4. Cf. 28 U.S.C.A. § 2255.

5. Cf. Morgan v. United States, supra, note 2.

6. 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196.

7. Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196.

8. See N. Y. Penal Law, §§ 272–a, 345, 350, 510, 510–a.