UNITED STATES of America
v.
Lawrence Marvin FLANAGAN.
Civ. A. No. 5997–R.

United States District Court
E. D. Virginia,
Richmond Division.

Oct. 30, 1969.

David G. Lowe, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Philip Rogers, Natiss & Rogers, Garden City, N. Y., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Lawrence Marvin Flanagan was convicted in this Court on October 2, 1961, of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. He waived representation by counsel, either retained or appointed, and pled guilty. The Court accepted his plea, suspended sentence, and placed him on probation for two years. The period of probation expired on October 2, 1963.

Defendant moved on October 3, 1968, under 28 U.S.C. § 2255, to vacate and set aside the sentence, alleging that his waiver of the right to counsel was not intelligently done and that his guilty plea was not knowingly entered and therefore void. On June 17, 1969, this Court set aside the conviction after examining the transcript of defendant's arraignment and concluding that his plea was not a voluntary one. Subsequently, on motion of the United States, the order was vacated on the ground that the Court was unable to consider a motion under 28 U.S.C. § 2255 because the defendant was no longer "in custody under sentence of a court established by Act of Congress."

Defendant now moves again for vacatur of the judgment of 1961, again styling his motion as one for relief under 28 U.S.C. § 2255, and reiterating his prior claims. He asserts additionally that in consequence of his federal felony conviction he is subject to certain legal disabilities under the laws of New York State, his place of residence. See Carafas v. LaVallee, 391 U.S. 234, 237, n. 4-8, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Moreover, Flanagan alleges that he is now under indictment by a Nassau County, New York, Grand Jury for the crime of possession of a dangerous weapon as a felony. Were it not for this prior federal felony conviction that offence would allegedly be only a misdemeanor. A copy of the state indictment is in the record.

The United States argues, as it did in opposing the previous motion, that this Court is unable to entertain defendant's motion because he is not in "custody." The Court believes that the government's argument is sound insofar as it relies upon the limits of this Court's power under § 2255.

In Carafas v. LaVallee, *supra,* the Supreme Court held that a state prisoner's federal habeas corpus case had not become moot when he was released unconditionally by state authorities; in so doing it reversed Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). Carafas had filed his petition while still confined. His release, though not qualified by any parole limitations, see Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), was conditioned by statutory disabilities which would not apply to him if his conviction were invalidated. Therefore the Court said that the petitioner retained sufficient interest in the outcome of the litigation so that the matter had not become moot.

The *Carafas* decision does not, however, seem to say that the imposition of disabilities upon convicted felons consists in itself of "custody" sufficient so that a district court may acquire jurisdiction if a petition for a writ of habeas corpus is filed when only such burdens rest on a convicted felon. The opinion seems to draw some distinctions between such instances and cases like *Carafas* where release follows the filing of a petition.

The substantial issue, however, which is posed by Parker v. Ellis, is not mootness in the technical or constitutional sense, but whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of persons in state custody is available here. * * * [W]e conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such an application.

The federal habeas corpus statute requires that the applicant must be "in custody" when the application for habeas corpus is filed. * * * But the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. * * * It provides that "[t]he court shall * * * dispose of the matter as law and justice require." 28 U.S.C. § 2243. Carafas v. LaVallee, *supra,* 391 U.S. 238-239, 88 S.Ct. 1559.

The statutory scheme requires that a petitioner suffer from more than restrictions on his civil rights at the time the petition is filed. Such was the case in Carafas v. LaVallee, *supra.* And in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968), a direct appeal, the Supreme Court made clear that *Carafas* holds only that release does not moot a case, not that disabilities constitute the custody required by the statute, Sibron v. New York, *supra,* 51, 88 S.Ct. 1889. See also, Hewett v. North Carolina, mem. decis. 415 F.2d 1316 (4th Cir. August 28, 1969), which illustrates that, once jurisdiction has attached, burdens sufficient to preserve a case from mootness need be only slight.

Of course this discussion in Carafas v. LaVallee, *supra,* is directly relevant only to the habeas corpus statute, whereas the statutory scheme under which Flanagan seeks relief is 28 U.S.C. § 2255. But the language of that statute, allowing for motions in the federal sentencing court, is in pertinent part quite similar to that of the habeas corpus statute:

> A prisoner in custody * * * claiming the right to be released * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A construction which requires the prisoner to be under some restraint greater than the continuing disabilities which beset Flanagan when he files his motion is consistent with this language. And, as in the statute under which Carafas proceeded, the relief which the Court may grant is authorized in broad terms in § 2255:

> If the court finds that the * * * judgment [is] vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Such a conclusion is bolstered by rulings establishing, in related areas, the parallel nature of the collateral review available to federal and state prisoners. In Kemplen v. United States, mem. decis. No. 12,692 (4th Cir., April 21, 1969), our Court of Appeals, on the authority of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) and Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969), decided that review under § 2255 was available to inmates of state prisons challenging future federal sentences, since the right to review future state-imposed sentences had been granted under the habeas corpus statutes:

> Although § 2255 was not before the Court for consideration in [Peyton v. Rowe], there is no reason to think that the Court would depart from its long standing holding that the scope of the remedy under § 2255 is identical to the scope of the Federal habeas corpus remedy, and that § 2255 affords a prisoner the same rights he would have in a habeas corpus proceeding, but in a different forum.[1] Kemplen v. United States, *supra.*

We conclude, therefore, that relief under § 2255 cannot be granted when the federal prisoner moves for relief after his release from any federal restraint, and at a time when the federal conviction is not prolonging the service of any consecutively served sentence. Compare Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966).

█ This case is not concluded, however, by a denial of relief under § 2255, for this Court would not be justified in denying relief if it is available on some alternative basis. Johnson v. United States, 344 F.2d 401, 409 (5th Cir. 1965); Igo v. United States, 303 F.2d 317 (10th Cir. 1962). United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) provides authority for the issuance of a writ of error *coram nobis* by the sentencing court to set aside a federal conviction. Although a motion for such relief is "of the same general character as one under 28 U.S.C. § 2255," United States v. Morgan, *supra,* 505 n. 4, 74 S.Ct. 249, in that it is a part of the original criminal case and not a separate proceeding, this Court's jurisdiction is not subject to the requirement of § 2255 that the defendant be a prisoner "in custody" under federal sentence when

---

1. This Court's conclusion that Carafas v. LaVallee, *supra,* is indirectly controlling as to the scope of relief under § 2255 implies that the Supreme Court, in that case, has revived the authority of Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), which held that federal prisoners' motions did not become moot upon release. Pollard was probably overruled in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); See also, Parker v. Ellis, 362 U.S. 574, 575 n., 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). The Supreme Court, since *Carafas,* has treated Pollard as authoritative, Sibron v. New York, *supra,* 51, 88 S.Ct. 1889.

he makes his motion, for power to issue the writ proceeds from the All Writs Act, 28 U.S.C. § 1651.[2]

In *Morgan*, the Supreme Court explicitly rejected the contention that, by the passage of § 2255, Congress had codified, with specific limits, federal *coram nobis* procedure. But nonstatutory relief, the Court said, should be granted "only under circumstances compelling such action to achieve justice," at 511, 74 S.Ct. at 252. Morgan had been convicted upon his plea of guilty at the age of nineteen; he alleged that his plea and the judgment of conviction were invalid because his waiver of counsel was constitutionally deficient. His federal conviction had caused a New York court to impose heavier punishments on him, as a multiple offender, after a subsequent state conviction. The case thus bears many similarities to this one. The most significant distinction is that Flanagan, the defendant in this case, has not yet been convicted and sentenced and is therefore not now suffering any augmented restraint which can be said to flow from his federal conviction, other than the civil disabilities. The question arises, therefore, whether a case or controversy is presented to this Court.

The federal decisions on the availability of *coram nobis* relief fall into no definite pattern. The law in this area is plainly in a state of flux, and this uncertainty is due in part at least to very recent developments in the more conventional statutory post-conviction procedures. With the enlarged notions of "custody" developed in Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967) and Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967), affirmed sub nom. Peyton v. Rowe, *supra*, which presumably are applicable both in federal habeas corpus suits by state prisoners and § 2255 motions by federal prisoners, see Kemplen v. United States, *supra*, the extraordinary writ is often no longer necessary.[3] This must be regarded as a change for the better, in that avenues for immediate review are now available as a matter of course to those who, realistically, are incarcerated or restrained under challenged convictions. With this new range given statutory remedies, the question of the scope of the extraordinary writ remains to be resolved. This scope of use will be bounded on the one hand by the advancing coverage of § 2255 and on the other hand by the constitutional doctrine that requires this Court to decide only those cases where parties' interests are actually at stake.

Some federal courts have said that the merits of a petition for *coram nobis* will not be investigated when the only result of an adjudication that the conviction is invalid will be to relieve the defendant from the moral stigma attaching to him. United States v. Oddo, 129 F.Supp. 564 (D.C.S.D.N.Y.1955), cf. United States v. Gernie, 228 F.Supp. 329 (D.C.S.D.N.Y.1964); see St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943).

However, in the interests of justice courts have been responsive to claims that convictions they imposed were defective where a defendant alleges a substantial interest of some sort in the adjudication. Reference has already been made to the interest in resolving the validity of future sentences while the evidence is fresh, *supra*, n. 3. Likewise courts have entertained *coram nobis* at-

---

2. *Morgan* also explains why a motion under Rule 35, F.R.Crim.P., which provides that "the court may correct an illegal sentence at any time," is not the appropriate vehicle for relief: "Sentences subject to correction under that rule are those that the judgment of conviction did not authorize." United States v. Morgan, *supra*, 506, 74 S.Ct. 250; See also, Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). The challenge here is to the conviction itself, not to the sentence imposed.

3. Formerly *coram nobis* provided the only means to attack federal sentences to be served in the future, Johnson v. United States, 344 F.2d 401, 409 (5th Cir. 1965); Thomas v. United States, 106 U.S.App.D.C. 234, 271 F.2d 500 (1959).

tacks on federal sentences which delayed the service of later, consecutive sentences, Holloway v. United States, 393 F.2d 731 (9th Cir. 1968), cf. United States v. Gernie, *supra*. *Coram nobis* petitions have likewise been considered where it is alleged that a defective conviction served as a foundation for a deportation proceeding, Marcello v. United States, 328 F.2d 961 (5th Cir. 1964). And in United States v. DiMartini, 118 F.Supp. 601 (S.D.N.Y.1953) the court believed that sufficient interest existed when the defendant, if retried and acquitted, might successfully sue the government for damages for unjust conviction. The defendant in this motion does not, however, assert that he might qualify for the certificate of innocence required by the unjust conviction damages statute, 28 U.S.C. § 2513 (1964).

A few cases have held that *coram nobis* relief is available even though no restraint or supervision by state or federal authorities remains resulting directly or indirectly from a challenged conviction or sentence. In United States v. Cariola, 323 F.2d 180 (3rd Cir. 1963) the burden of disenfranchisement, standing alone, was adequate to save the petitioner's case from mootness:

> Thus, the judgment of conviction, although satisfied, has affected and continues to affect petitioner's legal rights. * * * A case cannot be said to be moot when a conviction entails collateral legal disadvantages which survive the satisfaction of the sentence. United States v. Cariola, *supra*, 182.

A challenge to petitioner's guilty plea was entertained although the sentence had been completed twenty-four years before.

In United States v. Forlano, 319 F.2d 617 (2d Cir. 1963), an attack by petition for a writ of error *coram nobis* upon a conviction rendered in 1935 was permitted when the defendant alleged that he was under state indictments for other crimes and feared that his federal convictions might, if he were convicted, subject him to enhanced punishment as a recidivist. The resemblance of Forlano's predicament to Flanagan's is striking.

Whatever the law may be in this circuit on cases such as *Cariola*, where civil disabilities alone are claimed, this Court believes that United States v. Forlano would be followed by our Court of Appeals and that Flanagan therefore has standing to assert the invalidity of his conviction. In Mathis v. United States, 369 F.2d 43 (4th Cir. 1966), our Court of Appeals reversed a District Court decision, Mathis v. United States, 246 F. Supp. 116 (E.D.N.C.1965), dismissing a *coram nobis* petition because the petitioner was not under any present restraint from the conviction. Mathis sought to void a federal conviction for which he had received a suspended sentence. A later state conviction would almost certainly lead to the revocation of his probation after the state term expired,[4] but there was no allegation that the federal sentence affected the length of the state sentence. An immediate challenge to underlying conviction was permitted nonetheless. Courts have allowed challenges to future sentences in other cases, as has been noted; the Fourth Circuit cited, 369 F.2d at 47, in particular the Johnson v. United States, *supra,* precedent, in support of the point that a speedy hearing on the petitioner's claims would assure greater accuracy in factfinding. But the Court found a further adverse impact which the challenged conviction would have if the matter could not immediately be disposed of, and its reasoning is quite relevant to Flanagan's situation:

> Mathis has in fact demonstrated a sufficient "present adverse effect" to entitle him to relief. The federal detainer placed with Florida officials precludes his immediate release upon

---

4. We note that Mathis might today be able to challenge the federal sentence under § 2255, by analogy with Thacker v. Pey-ton, mem. decis. No. 12,571 (4th Cir. July 25, 1969), a federal habeas corpus case.

completion of his state sentence. The consequences of denial of coram nobis relief would be that after the state sentence has been served he would be taken into federal custody, first to await the outcome of a probation revocation hearing, which almost certainly will result in his parole being revoked, and then to begin service of his unexpired federal sentence. Only thereafter would he be able to attack the conviction under section 2255. No matter how expeditiously these proceedings were conducted, Mathis would have to spend additional time in prison under a concededly unconstitutional conviction. Fairness and sound judicial administration require that the unconstitutional federal sentence be set aside before the expiration of the state sentence. Mathis v. United States, *supra*, 369 F.2d 48.

In this case Flanagan similarly faces the possibility of delay in state confinement while the validity of his federal conviction is adjudicated, assuming his state indictment results in a conviction. *Coram nobis* relief will be available as a matter of course after his state conviction; United States v. Morgan, *supra*, settled that. There seems no reason to deny prompt review when a postponement quite possibly will impose upon Flanagan some months of confinement which he might not otherwise suffer. *Coram nobis* petitions are granted when necessary to "achieve justice," United States v. Morgan, *supra*, 346 U.S. 511, 74 S.Ct. 247; in its consideration this Court ought not to ignore the very real factor of judicial delay.

The *Mathis* decision contains language, in addition, which would lend support to the claim that the desire to be relieved from the stigma of a felony conviction gives a petitioner sufficient interest in the outcome of *coram nobis* litigation to create a cognizable case or controversy, Mathis v. United States, *supra*, 369 F.2d 46 and n. 13. This Court expresses no opinion on such a claim, nor on the view that the addition of civil disabilities places sufficient matter in issue. The

very real threat that heavier penalties may be imposed on Flanagan's actions because he carries this felony on his record, and the danger that delay may cause him to be confined because of a void conviction create a justiciable case, in this Court's opinion.

This Court has already determined that the plea of guilty on which this conviction was based was constitutionally defective. Quite clearly, the defendant did not intelligently and understandingly waive his rights. The ruling of June 17, 1969, is the law of this case.

Consequently the writ of error *coram nobis* will issue.