**Gayle Franklin COURTNEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–1622.**

United States Court of Appeals, Fourth Circuit.

Submitted March 19, 1975.

Decided July 1, 1975.

---

Gayle Franklin Courtney, appellant pro se.

John K. Grisso, U. S. Atty., for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Petitioner, Gayle Franklin Courtney, pleaded guilty on November 8, 1965, to interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C § 2312, and was sentenced to eighteen months' imprisonment. He has now filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging that his conviction was invalid because he was not represented by an attorney, and that the district court granted him a new trial in a prior post-conviction proceeding. The district court denied the motion, and this appeal follows.

Petitioner has completed service of his sentence, but claims that "everytime I go into a court of law this is used against me." This Court recognizes that it cannot grant relief to a § 2255 petitioner who has completed service of his sentence absent adverse collateral legal consequences. See Sibron v. New York, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). However, we do not find it necessary to determine whether such collateral consequences exist here, as we find in any event that petitioner's claims are without merit.

Petitioner's first claim is that he was not represented by an attorney

at his arraignment. It does not necessarily follow, however, that his conviction is invalid, since the right to counsel may be competently and intelligently waived. *Gideon v. Wainwright,* 372 U.S. 335, 340, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Johnson v. Zerbst,* 304 U.S. 458, 465, 467–68, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Petitioner at his arraignment stated that he wished to proceed without a lawyer, and signed a written waiver of the right to counsel. The district court found that this was a valid waiver. This Court has examined the transcript of petitioner's arraignment, and has independently determined that petitioner competently and intelligently waived his right to counsel. We also find that Rule 11 of the Federal Rules of Criminal Procedure was substantially complied with, and that petitioner's guilty plea was knowingly and voluntarily entered. *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).[1]

With regard to petitioner's second contention, he is incorrect in stating that the district court granted him a new trial in a prior post-conviction proceeding. Rather, upon his motion to reduce sentence, the district court merely stated that it "would have no hesitation in ordering an *evidentiary hearing* but for the relief that movant has sought," and denied the motion to reduce sentence "without prejudice to movant to refile the motion and seek the appropriate and only relief the Court can grant under Section 2255, a new trial." *Courtney v. United States,* C/A No. 66–745 (D.S.C., Oct. 20, 1966) (emphasis added). The district court in its opinion in the instant case states that petitioner never refiled. We think, however, that the ends of justice are most expediently met by construing the instant motion to vacate sentence as a refiling, so as to include the claims raised in petitioner's motion to reduce sentence.

Petitioner alleges that a confession, the substance of which was presented by

the government as part of its factual contention, was illegal in that it was obtained without informing him of his constitutional rights. Citing *Jackson v. United States,* 214 F.2d 485 (4th Cir. 1954), *cert. denied,* 348 U.S. 900, 75 S.Ct. 222, 99 L.Ed. 707 (1954), he contends that his guilty plea was involuntary in that it was induced by his mistaken belief that the confession could be used as evidence against him. He also contends that the court, by allowing the confession to be used by the government and by questioning him as to his participation in the crime, compelled him to be a witness against himself, in violation of the Fifth Amendment.

■ As to the first of these claims, the Supreme Court in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), held that a guilty plea motivated by a confession erroneously thought admissible in evidence is not for that reason vulnerable to attack, as long as counsel's advice was "within the range of competence demanded of attorneys in criminal cases." *Id.* at 771, 90 S.Ct. at 1449. Where a defendant has competently and intelligently waived his right to counsel, as here, he cannot be heard to complain that he did not receive such advice. Thus a hearing is not necessary to determine whether petitioner's confession was in fact illegal. *See id.* The question in either case remains whether his plea was otherwise a voluntary and intelligent act. *Id.* at 772, 90 S.Ct. 1441. We have already determined that it was.

■ As to petitioner's claim that his Fifth Amendment rights were infringed, the Fifth Amendment does not *preclude* a criminal defendant from admitting his guilt if he so desires; it merely prevents the prosecution or the court from *compelling* him to admit his guilt if he does *not* so desire. The very essence of a guilty plea is that the defendant thereby chooses to admit his guilt of the crime charged. Where, as here, such a plea is

1. Petitioner's plea was entered in 1965, prior to the Supreme Court's decision in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166,

22 L.Ed.2d 418 (1969), requiring strict compliance with Rule 11. The Court in *Halliday* held that *McCarthy* was not retroactive.

voluntarily and intelligently entered, the defendant cannot be heard to complain that he was convicted on the basis of his own testimony. Nor did the prosecution's use of petitioner's confession as part of its factual contention violate petitioner's rights. Such factual contentions are not evidence, but are merely statements of what the prosecution would attempt to prove if the case went to trial. Petitioner by his own choice admitted that these statements were substantially correct.

We find no merit in any of petitioner's contentions. Accordingly, the order of the district court denying his motion to vacate sentence is

*Affirmed.*