We will enter an appropriate order implementing the conclusions of this opinion.

**UNITED STATES of America,**

v.

**Thompson Gordon HERRON, Defendant.**

**Crim. No. 75–137.**

United States District Court,
D. South Carolina,
Greenville Division.

Aug. 31, 1981.

Douglas S. Westbrook, Asst. U. S. Atty., Greenville, S. C., for United States.

Will T. Dunn, Jr., Greenville, S. C., for Herron.

## ORDER ON MOTION TO VACATE OR SET ASIDE SENTENCE UNDER 28 U.S.C. § 2255

HEMPHILL, District Judge.

By "Motion (petition) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed on March 23, 1981 Herron presented his petition under 28 U.S.C. § 2255, which he filed in the criminal action. This Court will consider it as a civil petition under 28 U.S.C. § 2255 for the purpose of passing on the issues which have been raised.

On March 6, 1975, Thomas Gordon Herron, in Indictment No. 75–137 was charged with violation of 18 U.S.C. § 1014 in the following language:

That on or about the 29th day of July, 1974, in the District of South Carolina, THOMPSON GORDON HERRON knowingly did make materially false statements in an application for a loan submitted to the Veterans Administration, for the purpose of influencing the action of said Veterans Administration to approve said loan, in that THOMPSON GORDON HERRON stated and represented in said application that THOMPSON GORDON HERRON was and had been employed by Hale Enterprises, Incorporated at an annual salary of $28,500, and did cause a verification of employment form to state that THOMPSON GORDON HERRON was and had been employed by Hale Enterprises, Incorporated, whereas, in truth and fact, as THOMPSON GORDON HERRON well knew, he was not employed by Hale Enterprises, Incorporated and was not receiving an annual salary of $28,500; in violation of Title 18, United States Code, Section 1014.

He was ably represented by Will T. Dunn, Esquire, of the Greenville, South Carolina bar, who timely made various motions for discovery of material which would enable the defendant to present an appropriate defense. These motions were later satisfied to the satisfaction of counsel, and about them Herron has no complaint. His complaint is that under 18 U.S.C. § 1014, there is no crime provided for frauding the Veterans Administration, and that the Indictment was defective in so charging him and his plea of guilty, and the subsequent probation sentence thereon imposed, should be vacated and set aside. Again, he is assisted by able counsel of the Greenville bar, though different counsel from he who represented him at the plea of guilty. Herron pled guilty January 5, 1976, and, on February 24, 1976 was given a sentence as follows:

Imposition of an institutional sentence is suspended and the defendant is placed on probation for a period of five (5) years, said probation to begin at the expiration of the federal sentence the defendant is now serving and with the following special conditions: 1. Should the Probation Office determine that restitution is necessary, that you make restitution as directed. 2. That you obtain and continue gainful employment as directed. 3. That you support any child of your loins.

The above sentence is not to be used to deprive the defendant of any parole or good time that might be earned during service of his present federal institutional sentence.

Defendant, at the time of his plea of guilty, was under sentence for violation of the federal law imposed by the United States District Court for the Middle District of Alabama on December 10, 1974. Probationary sentence under which defendant is now at large, by grace and mercy of the Court, commenced to run on January 30, 1981, and will expire on January 29, 1986.

It appears that defendant is eligible to file under 28 U.S.C. § 2255 because of his probationary status. *Courtney v. United States*, 518 F.2d 514 (4th Cir. 1975); *United States v. Flanagan*, 305 F.Supp. 325 (E.D. Va.1969). The authority of this Court to make a determination has not been questioned by Herron or by the United States.

A reference to 18 U.S.C. § 1014 reveals that this particular statute makes it a crime to make any false statement or report, etc. to the Reconstruction Finance Corporation, Farm Credit Administration, Federal Crop Insurance Corporation and many others, including the Federal Home Loan Bank, etc., but does not mention the Veterans Administration. Penalty for violation of 18 U.S.C. § 1014 is that one convicted "shall be fined not more than $5,000 or imprisoned not more than 2 years, or both". The United States admits in its answer to the petition that § 1014 was not the correct statute to employ in charging petitioner, and avers that his conduct was properly chargeable under the general false statement statute, 18 U.S.C. § 1001.[1] The Government contends that because the Indictment purports to charge, though defectively, a crime of class triable in the district courts, that it is enough to immunize the judgment from collateral attack, citing *United States v. Roberts*, 296 F.2d 198, 201 (4th Cir. 1961) which states:

> If, however, the Indictment purports to charge, though defectively, a crime of a class triable in the district courts, it is enough to immunize the judgment from collateral attack.[2]

The Fourth Circuit has spoken again, in *Harold Brokaw v. United States*, 368 F.2d 508, 511 (4th Cir. 1966), where the Court found, as this Court finds in following *Brokaw*:

> In any event, charging an offense with sufficient clarity to permit appellant to defend himself and to plead a former conviction or acquittal in bar to a subsequent indictment but the same offense, alleging jurisdiction of the district court, the indictment is not open to collateral attack.

Cited in the Government's brief is the case of *Swepston v. United States*, 289 F.2d 166, 170 (8th Cir. 1961), *cert. denied* 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612 where it is said:

> It is pointed out that appellant's plea of guilty precludes in this case any collateral attack under § 2255 on the grounds of a defective indictment or information.

In an abundance of precaution, this Court has obtained, and attaches to this Order as a reference but not a part of this Order, the arraignment, at Greenville, South Carolina on January 5, 1976. The Court read the Indictment to the accused and asked him if he was guilty of the charge of which he stood accused.[3]

Q. Mr. Dunn has informed me this morning that you wished to change your plea from not guilty to guilty to this indictment and has made a motion to that effect. While it may be repetitious I am

---

1. 18 U.S.C. § 1001 provides:

   § 1001. Statements or entries generally. Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. The entire opinion should be mandatory reading by every district attorney and every assistant United States district attorney in the United States Department of Justice and incorporates the unexpressed desire and sentiment of every district judge.

3. The Court mistakenly told him of § 1014, and told him the maximum was $5,000 or two years, or both but this was not against him because he was pleading guilty to an offense of which a lesser sentence was referred. At his request, sentencing was postponed to allow him to wait for certain activities of another court. Defendant does not in the present petition, nor has he at any time protested his doing exactly what the indictment said: making a false statement to the United States. In fact, voluntarily, an application for reduction of sentence, duly sworn to, and filed with this Court September 27, 1976 (but later withdrawn although he did not withdraw the application) defendant says:

   "Defendant alleges that in making said fraudulent statements/application to the Veterans Administration for the purpose of purchasing a homestead every installment in mortgage was paid on a current basis until defendant was forced to sell respective homestead due to his then pending incarceration."

going to read you the indictment again to make sure that there is absolutely no misunderstanding as to the charge of which you are accused.

This indictment is Criminal Number 75–137 in the Greenville Division entitled *United States versus Thompson Gordon Herron.* The Grand Jury charges on or about the 29th day of July, 1974 in the District of South Carolina, Thompson Gordon Herron, knowingly did make materially false statements in an application for a loan submitted to the Veterans Administration for the purpose of influencing the actions of said Veterans Administration to approve said loan in that Thompson Gordon Herron stated and represented in said application that Thompson Gordon Herron was and had been employed by Hale Enterprises, Incorporated at an annual salary of $28,500.00 and did cause a verification of employment form to state that Thompson Gordon Herron was and had been employed by Hale Enterprises, Incorporated, whereas in truth and in fact as Thompson Gordon Herron well knew he was not employed by Hale Enterprises, Incorporated and was not receiving an annual salary of $28,500 in violation of Title 18, Section 1014 known as 1014 of the United States Code.

Is that the charge of which you stand accused today and on which you intend to make a plea?

A. Yes, sir.

The Fourth Circuit has consistently held that the mere fact that the wrong section of a statute is cited in an indictment does not invalidate a conviction when no prejudice is shown from the mis-citation. *See United States v. Brown,* 284 F.2d 89, 90 (4th Cir. 1960), wherein the Court said:

[this] mis-citation does not necessarily call for setting aside the sentence imposed under Count II as Rule 7(c)(3) of the Federal Rules of Criminal Procedure,

18 U.S.C.A.[4], which requires the citation of the appropriate statute the defendant is charged by indictment to have violated, provides that error in the citation shall not be ground for dismissal of the indictment or reversal of a conviction if the error did not mislead the defendant to his prejudice. In the present case, the defendant was correctly informed of the nature of the charge by the allegations of the second count of the indictment and there was no showing that defendant or his counsel was in any way misled, much less prejudiced, by the careless mis-citations at the end of the second count of the indictment. The same impact is *Davis v. United States,* 279 F.2d 576, 578 (4th Cir. 1960); *Call v. United States,* 265 F.2d 167, 170 (4th Cir. 1959).

Examination of the two statutes involved shows that each statute requires (1) the making of a false statement; (2) concerning a matter within the jurisdiction of a federal agency or to an FDIC insured bank; (3) that defendant acted wilfully with specific intent; (4) that the statement is false as to a material fact; and (5) that defendant acted knowingly. There is no contention on the part of the accused, Thompson Gordon Herron, that any of these elements were lacking in any way. In fact, by his own statements inserted in the record, including an unsolicited letter to the Court, as well as his motion for reduction of sentence, he admits a violation of the law.

Of the same impact is *Smith v. United States,* 427 F.Supp. 20 (E.D.N.Y.1976), *affirmed* per curiam, 550 F.2d 833 (2nd Cir. 1977):

The facts admitted by Smith constituted a violation of 18 U.S.C. 641, and this is not a case of a defendant pleading to a charge that does not constitute a crime. A mis-citation is not ground for vacating an otherwise valid plea.

Annotations under Rule 7(c)(3), note 234 call attention to *Johnson v. Biddle,* 12 F.2d 366 (8th Cir. 1926):

reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

---

4. Rule 7(c)(3) provides:

(3) Harmless Error. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for

... [I]f an offense is otherwise fully stated in an indictment, a mistaken reference to a statute is surplusage and does not render the indictment invalid.

Applying the rationale of these cases to the issue before this Court the Court finds that the hand of Herron here fits the glove of judicial statute and decision and his contentions are without merit.

The motion under § 2255 of vacating or setting aside the sentence for habeas corpus under § 2255 is denied.

Petitioner complains of his probation, but probation requires only that a person convicted, and given the grace of relief from detention, have his/her life as the rest of us are expected to do, and hopefully (we) try. At the end of thirty (30) months of probation, if he has performed satisfactorily, the probation office will present to this Court an Order of Termination.

The motion to vacate, etc. is denied.

AND IT IS SO ORDERED.

ASPEN, District Judge:

