**Farideh BAYAT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 2:08cv71.**

United States District Court, E.D. Virginia, Norfolk Division.

June 3, 2008.

Michael F. Leban, Leban & Associates PC, Virginia Beach, VA, for Plaintiff.

Kent Pendleton Porter, United States Attorney Office, Norfolk, VA, for Defendant.

### ORDER AND OPINION

JEROME B. FRIEDMAN, District Judge.

Currently before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim for which relief can be granted. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's motion to dismiss.

### I. Factual Background

The plaintiff, Farideh Bayat, is a native of Iran and a lawful permanent resident of the United States. She applied for naturalization in 2006, but her application was denied on October 2, 2007, and such denial was administratively affirmed by the United States Citizenship and Immigration Service ("USCIS") on December 6, 2007. The stated justification of denial of the plaintiffs application for naturalization was the fact that she had been convicted in 1995, following a plea of guilty, of grand larceny, in violation of Va.Code Ann. § 18.2–95. Such conviction, imposed in the Circuit Court for the City of Virginia Beach, Virginia, constitutes an "aggravated felony" under federal immigration law, and therefore bars approval of the plaintiff's naturalization application. *See* 8 U.S.C. § 1427(a)(3) (requiring "good moral character" in applicants for naturalization); 8 U.S.C. § 1101(f)(8) (precluding a finding of "good moral character" if the applicant has been convicted of an "aggravated felo-

ny"); 8 U.S.C. § 1101(a)(43)(G) (including among "aggravated felonies" those theft offenses with a term of imprisonment of at least one year).

The plaintiff's guilty plea to the charge of grand larceny was memorialized in a plea agreement signed by her and the attorney representing the Commonwealth of Virginia. Exhibit 2 to Defendant's Motion to Dismiss. It was also supported by a signed acknowledgment in which the plaintiff indicated that she understood the nature of the charges against her and was pleading guilty because she was in fact guilty of the offense of grand larceny. Exhibit 3 to Defendant's Motion to Dismiss.

## II. Procedural History

On February 6, 2008, the plaintiff filed a petition for a writ of error *coram nobis*, seeking to have this court vacate her state court conviction for grand larceny and thereafter that her application for naturalization be approved. In her petition, the plaintiff alleges that, at the time of her guilty plea to the grand larceny charge, she received ineffective assistance of counsel from three separate attorneys and that she is actually innocent of the offense of conviction. The defendant filed the instant motion to dismiss on April 14, 2008, contending that this court lacks jurisdiction to vacate a state court judgment, and, alternatively, that the plaintiff is statutorily barred from establishing "good moral character" as a result of her plea of guilty and conviction of grand larceny.[1]

The plaintiff, after obtaining an extension of time in which to respond to the defendant's motion, filed a response brief on May 5, 2008, contending that *coram nobis* is a valid means by which this court may vacate the state court conviction. The defendant submitted a rebuttal brief

in support of its motion on May 7, 2008. The matter is therefore ripe for consideration.

## III. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). Where, as here, the defendant attacks the sufficiency of the complaint, the court is required to accept all of the complaint's factual allegations as true. *Allen v. College of William & Mary*, 245 F.Supp.2d 777, 783.

## IV. Discussion

█ Because the defendant challenges this court's jurisdiction over the subject matter involved in this claim, it is proper to determine whether such jurisdiction exists. Because the court finds that it lacks subject matter jurisdiction over the plaintiff's claim, it declines to rule on whether the claim is subject to dismissal under Rule 12(b)(6). The plaintiff contends that the All Writs Act, 28 U.S.C. § 1651, authorizes this court to grant her a writ of *coram nobis*, vacating the judgment of the Circuit Court for the City of Virginia Beach with respect to the conviction entered against her in that court on September 26, 1995, for grand larceny. However, the plaintiff cites no cases in support of her claim that a federal court has jurisdiction to vacate a state court conviction.

█ In fact, as the cases cited by the defendant consistently show, while the writ of *coram nobis* may be available to chal-

---

1. In responding to the motion to dismiss, the plaintiff indicates that the complaint was not intended to compel the court to order that she

be granted citizenship, and therefore, that such a claim is withdrawn.

lenge a previous federal conviction, a federal court simply lacks jurisdiction to vacate the judgment of a separate state court. The Fourth Circuit has addressed this issue in passing, noting, in *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964), that a writ of error *coram nobis* "cannot issue under the instant proceeding ... for the judgments are not in the court in which Thomas has petitioned." The case involved a state prisoner who had petitioned in federal court for a review of his state convictions. In ruling that the petitioner was entitled to relief under 28 U.S.C. § 2254, the court expressly noted the inapplicability of *coram nobis* to the proceedings, because the petitioner had not been convicted in federal court.[2]

This legal principle is supported by the holdings of every other Court of Appeals to have considered the issue. *See Finkelstein v. Spitzer*, 455 F.3d 131 (2d Cir.2006) (noting that *coram nobis* is historically a remedy for courts to correct errors within their own jurisdiction); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir.2003) ("*[C]oram nobis* is not available in a federal court as a means of attack on a state criminal judgment."); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir.1992); *Booker v. Arkansas*, 380 F.2d 240, 244 (8th Cir.1967); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir.1962).

In responding to the motion to dismiss, the plaintiff cites *Hanan v. United States,*

402 F.Supp.2d 679, 681 (E.D.Va.2005), in which Judge Ellis noted that a writ of *coram nobis* was an available form of relief. However, *Hanan* involved a federal prisoner seeking to have a federal conviction vacated. Further, *United States v. Flanagan*, 305 F.Supp. 325 (E.D.Va.1969), also cited by the plaintiff, involved a federal conviction for interstate transportation of a stolen motor vehicle. The plaintiff thus fails to cite a single case in which a federal court has issued a writ of *coram nobis* in order to set aside a state court conviction.

The plaintiff alternatively argues that, because the All Writs Act itself contains no limitation on jurisdiction, the court is free to issue a writ of *coram nobis* to vacate her state court conviction. While it is true that nothing in 28 U.S.C. § 1651 expressly precludes this court from entertaining the petition, this argument places the proverbial cart before the horse. Indeed, the All Writs Act is not a grant of jurisdiction to federal courts, but rather is limited in scope to permit courts to issue those writs appropriate "in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). This clause, if it is to be given any meaning at all, must signify that, to have jurisdiction to issue a writ of *coram nobis* and vacate a conviction, a court must have had jurisdiction over the original conviction itself. Because this court has never possessed jurisdiction over the plaintiff's grand larceny conviction in Virginia Beach Circuit Court, § 1651 does not authorize the court to vacate that conviction via issuance of a writ of *coram nobis.*[3]

2. More recently, in an unpublished opinion, the Fourth Circuit more explicitly held that it "has no jurisdiction under [28 U.S.C] § 1651(a) to alter the judgment of a Virginia trial court." *In re Shelton*, 1 Fed.Appx. 149 (4th Cir.2001) (unpublished).

3. The plaintiff also contends that the court should not dismiss the case because to do so

would leave her without a means of redress for her allegedly improper conviction. However, in the absence of subject matter jurisdiction, any action by the court would be void *ab initio*. Thus, the court cannot merely choose to assert subject matter jurisdiction over the plaintiff's claim where such a determination is plainly unauthorized by law.

### V. Conclusion

Because a writ of *coram nobis* can only issue in aid of the jurisdiction of the court in which the original conviction was had, this court lacks jurisdiction to issue such a writ and vacate the plaintiff's state court conviction. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and the case is **DISMISSED.**

The Clerk is **REQUESTED** to send copies of this Order to counsel for the parties.

**IT IS SO ORDERED.**